23 P.3d 100

The STATE of Arizona, Appellee,

v.

Jose Diaz RODRIGUEZ, Appellant.

No. 2 CA–CR 00–0242.

Court of Appeals of Arizona,
Division 2, Department A.

April 19, 2001.

Janet Napolitano, Arizona Attorney General, By Randall M. Howe and Joseph L. Parkhurst, Tucson, for Appellee.

Isabel G. Garcia, Pima County Legal Defender, By Robb Holmes, Tucson, for Appellant.

*OPINION*

PELANDER, J.

¶ 1 After a jury trial, appellant was found guilty of possessing a narcotic drug and possessing narcotics paraphernalia. The trial court sentenced him to concurrent, presumptive prison terms, the longest of which was 2.5 years. The state concedes error in one of the three issues appellant raises on appeal, all of which pertain to his sentences. Because we agree with the state that the record does not support the trial court's imposition of a prison sentence on the drug charge instead of a suspended sentence and probation as provided in A.R.S. § 13–901.01, we remand the case for resentencing.

¶ 2 In 1996, Arizona voters passed the initiative titled the "Drug Medicalization, Prevention, and Control Act of 1996," commonly known as Proposition 200, which significantly changed the legal consequences for defendants convicted of certain nonviolent, first- and second-time drug offenses. 1997 Ariz. Sess. Laws, pp. 2895–2904. Prominent among the changes was the adoption of § 13–901.01, which requires courts to suspend sentencing for such defendants, place them on probation, and order them to participate in an appropriate drug treatment or education program as a condition of probation. 1997 Ariz. Sess. Laws at pp. 2901–02. Subsection 13–901.01(G) provides that persons convicted a third time of personal possession or use of illegal drugs must be sentenced under the normal sentencing statutes. *See State v. Guillory,* 199 Ariz. 462, 18 P.3d 1261 (App. 2001).

¶ 3 Appellant claims that, because there was insufficient proof that he had two prior narcotics-related convictions, his prison sentence is illegal and should be vacated in light of Proposition 200's requirement of mandatory probation. We review a trial court's sentencing decision for an abuse of discretion, which can be found when the court fails to conduct an adequate investigation into the facts relevant to imposing sentence. *State v. Russell,* 175 Ariz. 529, 858 P.2d 674 (App.1993).

¶ 4 The presentence report prepared for appellant's sentencing stated, "This report supplements and updates the appended prior Presentence Reports and Addenda." No appended presentence reports are before us as part of the record on appeal, however. At the sentencing hearing, the trial court stated that it had "read the presentence report in this case" [1] and that it had "read the presentence reports from [appellant's] previous cases." The prosecutor stated that, "given the nature and number of his past convictions and arrests as set forth in the Santa Cruz County probation presentence report, I believe that takes him out of Prop 200." Making no mention of Proposition 200 or

§ 13–901.01(G) and making no factual findings on appellant's criminal history, the trial court then imposed the prison terms. The sentencing minute entry merely stated that, "upon due consideration of all the facts, law and circumstances relevant here, the court finds that suspension of sentence and a term of probation are not appropriate."

¶ 5 Section 13–901.01 does not specify the procedure or standard for proving prior convictions for purposes of establishing a defendant's ineligibility for mandatory probation. Appellant did not claim to be eligible for probation under Proposition 200 at sentencing; in fact, his counsel requested a "mitigated term." Nonetheless, the state concedes in its answering brief that the "proof of the prior convictions and of the identity of the person previously convicted is insufficient in this case" and that "the trial court did apparently abuse its discretion by failing to make an adequate investigation into the facts relevant to sentencing." The state asks us to remand the case for the trial court to determine appellant's status under Proposition 200. We agree with the state's concession of error and its proposed remedy.

¶ 6 Appellant argues that a remand for re-sentencing would violate his constitutional protections against double jeopardy. We disagree. *See Monge v. California,* 524 U.S. 721, 118 S.Ct. 2246, 141 L.Ed.2d 615 (1998) (no double jeopardy bar to retrial of prior conviction allegation in noncapital case); *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980) (government may appeal a defendant's sentence without offending double jeopardy principles; prison sentence is not jeopardy equivalent to acquittal); *State v. Sowards,* 147 Ariz. 156, 159, 709 P.2d 513, 516 (1985) (state may relitigate defendant's release status on remand for resentencing and "may produce whatever additional evidence it has" without placing defendant twice in jeopardy).

¶ 7 Citing an opinion of Division One of this court, *State v. Estrada,* 197 Ariz. 383, 4 P.3d 438 (App.2000), *review granted in part*

---

1. The only prior convictions listed in the presentence report are for theft, but nonviolent, non-drug-related prior convictions do not affect appellant's eligibility for mandatory probation under § 13–901.01. *Gray v. Irwin,* 195 Ariz. 273, 987 P.2d 759 (App.1999).

(Ariz. September 26, 2000) (No. CR 00–0140–PR), appellant argues that, if his case is remanded for resentencing, the trial court may not impose a prison sentence on the drug paraphernalia conviction. Because appellant presumably has already served his one-year sentence on that conviction, the issue is moot. Moreover, *Estrada* is at odds with *State v. Holm,* 195 Ariz. 42, 985 P.2d 527 (App.1998), an opinion that neither appellant nor the state cites, in which this court held that Proposition 200 does not encompass drug paraphernalia convictions. We will follow *Holm* until and unless our supreme court resolves the conflict.

¶ 8 Appellant raises two additional issues, which we address because they might arise again in conjunction with his resentencing. He claims that he should have received probation because § 13–901.01(G), which provides that "[a] person who has been convicted three times of personal possession or use of a controlled substance ... is not eligible for probation," only prohibits probation for defendants who have previously been convicted of three drug-related offenses excluding the current offense and, at most, the record arguably shows he had only two prior drug-related convictions. We recently rejected an identical argument in *Guillory* and do so again.

¶ 9 Finally, appellant claims that his right to trial by jury was violated because the trial court, not the jury, determined the validity of his prior convictions. Appellant's primary authority is *Apprendi v. New Jersey,* 530 U.S. 466, 488–90, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435, 455 (2000), in which the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Although prior convictions used for sentence enhancement were expressly excluded from that holding, *id.,* appellant contends that a careful reading of *Apprendi; Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); and other Supreme Court cases dictates that "recidivist charges" must be made to and determined by the jury.

¶ 10 We need not analyze appellant's reasoning because, even if we assume that prior convictions used for Proposition 200 purposes are "fact[s]" subject to the *Apprendi* rule, *Apprendi* does not preclude a trial court from finding that those facts exist. Appellant's prior convictions, used for purposes of § 13–901.01(G), did not increase the statutory maximum prison sentence he faced; they only determined whether the trial court was obligated to suspend a sentence within the existing statutory range and instead impose probation. *See United States v. Aguayo–Delgado,* 220 F.3d 926 (8th Cir.), *cert. denied,* 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000) (trial court's finding drug quantity increased mandatory minimum sentence but did not offend *Apprendi* principles because maximum penalty not affected); *Kijewski v. State,* 773 So.2d 124 (Fla.Dist.Ct.App.2000) (fact that defendant committed crime while on release from correctional facility need not be found by jury because release status, although limiting sentencing court's discretion within statutory range, did not increase maximum statutory penalty within that range). Because Proposition 200 does not affect the maximum penalty available under Arizona's drug sentencing statutes, a trial court may determine whether a defendant has drug-related prior convictions for purposes of determining his or her entitlement to, or ineligibility for, probation under Proposition 200 without violating the defendant's right to a jury trial.

¶ 11 We affirm appellant's convictions and his sentence on the drug paraphernalia conviction. We vacate his sentence on the drug possession conviction and remand the case for further proceedings consistent with this decision.

BRAMMER, Jr., P.J. and HOWARD, J., concurring.