57 P.3d 391

**Joanne K. CHERRY, Petitioner,**

v.

**The Honorable Louis A. ARANETA, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Richard Romley, the Maricopa County Attorney, Real Party in Interest.**

**No. 1 CA–SA 02–0164.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 7, 2002.

* The Honorable Ruth V. McGregor recused herself; pursuant to article VI, § 3 of the Arizona Constitution, the Honorable Joseph W. Howard, Judge of the Arizona Court of Appeals, Division Two, was designated to sit in her stead.

Kent & Ryan, P.L.C. by Michael S. Ryan, Phoenix, Attorneys for Petitioner.

Richard M. Romley, Maricopa County Attorney by Karen Kemper, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

IRVINE, Judge.

¶ 1 Joanne Cherry requests special action relief from the trial court's denial of a motion for a bifurcated trial. Cherry argues that she is eligible for mandatory probation pursuant to Arizona Revised Statutes ("A.R.S.") section 13–901.01 (2001) unless a jury finds that her prior conviction for aggravated assault is a conviction for a "violent crime." In a prior order, we accepted jurisdiction, denied relief, and stated that a written decision would follow. Because we conclude that the required finding falls within the narrow exception allowing judges to determine prior convictions, we conclude that Cherry is not entitled to a jury determination on the issue of her prior conviction.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The State charged Cherry with possession of narcotic drugs, a class 4 felony. Section 13–702(A) (Supp. 2001) provides for a range of imprisonment for a class 4 felony of one and one-half to three years. The State then filed an allegation of historical priors, which could increase the sentencing range to six to fifteen years. *See* A.R.S. § 13–702.01(E)–(F) (2001). The State also alleged that Cherry would not be eligible for probation and a suspended sentence under A.R.S. § 13–901.01 because she had been "convicted of an aggravated assault that resulted in physical injury," a violent crime pursuant to A.R.S. § 13–901.01(B).

¶ 3 Cherry requested a bifurcated trial, first to determine her guilt and then to determine whether she had previously been convicted of a violent crime. The trial court concluded that A.R.S. § 13–901.01 "did not change or enable a judge to increase the range of prison time or punishment a person can receive for conviction of this drug crime," but that "[i]t only imposed mandatory probation absent a finding of a prior violent crime conviction or two prior drug convictions." Cherry then petitioned this Court for special action relief, and we accepted jurisdiction.

## JURISDICTION

¶ 4 We will accept special action jurisdiction when there is no other equally plain, speedy, or adequate alternative by appeal. Ariz. R.P. Spec. Act. 1(a). Additionally, we will consider issues of statewide importance that are likely to arise again. *Vo v. Superior Court,* 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1992). We conclude that this is such a case and we therefore accept jurisdiction.

## DISCUSSION

¶ 5 The United States Supreme Court has held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *see also Ring v. Arizona,* 536 U.S. 584, ——, 122 S.Ct. 2428, 2439, 153 L.Ed.2d 556 (2002). The Court has recognized a narrow exception to that rule, allowing states to designate prior convictions as sentencing factors rather

than as elements of the crime which the State must prove beyond a reasonable doubt. *Almendarez–Torres v. United States,* 523 U.S. 224, 243–44, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *Apprendi,* 530 U.S. at 487–90, 120 S.Ct. 2348. Because the prior conviction was necessarily proven to a jury beyond a reasonable doubt, the required procedural safeguards have been met and the Sixth Amendment concerns have been mitigated. *Apprendi,* 530 U.S. at 488, 120 S.Ct. 2348.

¶ 6 The issue here is the interplay between *Apprendi* and certain provisions of the "Drug Medicalization, Prevention, and Control Act of 1996," commonly known as Proposition 200. 1997 Ariz. Sess. Laws 2895, codified as A.R.S. § 13–901.01. Enacted by the voters in 1996, Proposition 200's stated purposes were "to require that non-violent persons convicted of personal possession or use of drugs successfully undergo court-supervised ... treatment" and to free space in prisons for violent offenders. 1997 Ariz. Sess. Laws 2895, 2897. The court may not impose jail as a condition of probation for a first offense, but may do so for a second offense. *Calik v. Kongable,* 195 Ariz. 496, 497, ¶ 1, 499, ¶ 13, 990 P.2d 1055, 1056, 1058 (1999).

¶ 7 Persons with prior convictions for violent crimes are not eligible for probation. Subsection 13–901.01(B) states that "[a]ny person who has been convicted of or indicted for a violent crime as defined in § 13–604.04 is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to the other provisions of chapter 34 of this title." Section 13–604.04(B) (2001) in turn defines "violent crime" to include "any criminal act that results in death or physical injury or any criminal use of a deadly weapon or dangerous instrument." "Physical injury" is further defined in the criminal code's general definitions section as "the impairment of physical condition." A.R.S. § 13–105(29) (2001).

¶ 8 We find that the exception to *Apprendi* for prior convictions applies here, so we need not address any broader issue regarding the

application of *Apprendi* and *Ring* to A.R.S. § 13–901.01.[1] Cherry argues that the exception to *Apprendi* does not apply because it is more than just the fact of a prior conviction that must be found. It must also be shown that the prior conviction was a "violent crime." We hold that whether Cherry's prior conviction is a violent crime for purposes of A.R.S. § 13–901.01 is a question of law for the trial judge.

¶ 9 Cherry's prior conviction for aggravated assault involved a plea agreement in which she pled guilty to, among other crimes, aggravated assault in violation of A.R.S. §§ 13–1204(A)(5), (B) (Supp.2001) and –1203(A)(1) (2001). By including § 13–1203(A)(1) as a part of the guilty plea, Cherry admitted that she had "[i]ntentionally, knowingly or recklessly caus[ed] any physical injury to another person." A.R.S. § 13–1203(A)(1). The prior conviction encompasses the fact alleged by the State—that Cherry was convicted of a violent crime, one that results in physical injury, and therefore it falls within the prior conviction exception to the *Apprendi* rule.

¶ 10 In *Almendarez–Torres* the United States Supreme Court concluded that a prior conviction for an "aggravated felony" was not an element of the crime charged that must be included in the indictment, but simply authorized an enhanced sentence. 523 U.S. at 226–27, 118 S.Ct. 1219. The federal courts have rejected the argument that *Apprendi* requires that a jury determine whether a prior conviction is an "aggravated felony" for purposes of sentence enhancement. *United States v. Yanez–Saucedo,* 295 F.3d 991, 993 (9th Cir.2002). Instead, courts will apply the analytical model constructed by the Supreme Court in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990):

> Under *Taylor,* federal courts do not examine the facts underlying the prior offense, but look only to the fact of conviction and the statutory definition of the prior offense. If the statute criminalizes conduct that would not constitute an aggravated felony under federal sentencing law, then

1.   *Cf. State v. Rodriguez,* 200 Ariz. 105, 107, ¶ 10, 23 P.3d 100, 102 (App.2001) (finding that Proposition 200 does not affect the maximum penalty

available under Arizona's drug sentencing statute, so a judge may determine whether a defendant has a prior violent conviction).

the conviction may not be used for sentence enhancement unless the record includes documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes. [I]f the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense by the guidelines, then the conviction does not qualify as a predicate offense. *United States v. Corona Sanchez,* 291 F.3d 1201, 1203–04 (9th Cir.2002) (citations and internal quotations omitted); *see also United States v. Meader,* 118 F.3d 876, 882–85 (1st Cir.1997) (applying similar reasoning to determine whether an offense is a "violent felony" for purposes of 18 U.S.C. § 924(e)).

¶ 11 Our courts have applied a similar analytical approach in a variety of contexts. *See State v. Heath,* 198 Ariz. 83, 84, ¶ 4, 7 P.3d 92, 93 (2000) (determining whether a prior out-of-state conviction would be a felony in Arizona is an issue of law for the trial judge to decide); *State v. Ault,* 157 Ariz. 516, 520, 759 P.2d 1320, 1324 (1988) (determining whether an offense is a "serious offense" is a question for the judge); *State v. Gillies,* 135 Ariz. 500, 511, 662 P.2d 1007 (1983) (holding that a determination that a prior conviction involves the use or threat of violence requires an analysis of the statutory definition of the prior offense). Analysis of the prior conviction "is purely a legal question; it does not depend on the merits of alternative versions of the facts." *Ault,* 157 Ariz. at 520, 759 P.2d at 1324. The scope of a trial court's review of the prior conviction is limited, however, to the statutory elements of the offense, without consideration of other evidence:

> Evidence of a prior conviction is reliable, the defendant having had his trial and exercised his full panoply of rights which accompany his conviction. However, to drag in a victim of appellant's prior crime to establish the necessary element of violence outside the presence of a jury, long after a crime has been committed, violates the basic tenets of due process.

*Gillies,* 135 Ariz. at 511, 662 P.2d at 1018.

¶ 12 We believe application of these principles resolves this case. Cherry apparently wishes to argue to a jury that her prior conviction is not violent enough because it did not cause a serious physical injury. An element of her conviction under A.R.S. § 13–1203(A)(1), however, was causing a "physical injury," which is a statutorily defined term that applies to both A.R.S. §§ 13–604.04 and 13–1203(A)(1). A.R.S. § 13–105(29) (2001). In this case, the trial judge can determine that there simply is no issue of fact regarding the prior conviction and that, as a matter of law, the defendant has a prior conviction for a violent crime.

¶ 13 Cherry argues that *State v. Gross,* 201 Ariz. 41, 31 P.3d 815 (App. 2001), applied the prior conviction exception to *Apprendi* very narrowly and the same reasoning applies here. *Gross,* however, involved a sentence enhancement based on the commission of an offense while released on bond for another felony offense under A.R.S. § 13–604(R)(2001). 201 Ariz. at 43, ¶ 2, 31 P.3d at 817. The court recognized that many of the same considerations that make prior convictions reliable without a jury trial also apply to release status, but refused to extend *Apprendi's* narrow exception for prior convictions. *Id.* at 45, ¶ 17–18, 31 P.3d at 819. Equally, we will not contract the narrow exception to exclude situations where the trial judge can determine as a matter of law whether a prior conviction falls within the statutory definition of a violent crime.

¶ 14 We hold that the trial court can determine as a matter of law whether Cherry has a prior conviction for a violent crime by looking to the statutory definition of the prior offense. Therefore, it is unnecessary to present the issue to a jury.

¶ 15 For these reasons, we deny relief.

CONCURRING: JON W. THOMPSON, Presiding Judge, and PHILIP HALL, Judge.