69 P.3d 38

**STATE of Arizona, Appellee,**

v.

**Peter Shaun GALLAGHER, Jr., Appellant.**

**No. 1 CA–CR 02–0073.**

Court of Appeals of Arizona,
Division 1, Department E.

May 29, 2003.

268

Terry Goddard, Attorney General By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Ginger Jarvis, Assistant Attorney General, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Terry J. Adams, Deputy Public Defender, Phoenix, Attorneys for Appellant.

**OPINION**

GEMMILL, Judge.

¶ 1 Peter Shaun Gallagher appeals his convictions and sentences on one count of possession of a dangerous drug and one count of possession of drug paraphernalia. He contends that the trial court erred in denying his motion to suppress evidence and in sentencing him as though his convictions for possession of drugs and possession of drug paraphernalia constituted his first and second convictions under Proposition 200.[1] Because only our resolution of the Proposition 200 sentencing issue merits publication, we have considered and affirmed the trial court's suppression ruling, and Gallagher's convictions, in a separate memorandum decision. *See* ARCAP 28(g); Ariz. R. Sup.Ct. 111(h); *State v. Evenson*, 201 Ariz. 209, 210, ¶ 1, 33 P.3d 780, 781 (App.2001).

¶ 2 Gallagher was convicted of possessing both a dangerous drug—methamphetamine—and drug paraphernalia—a container for the methamphetamine. These offenses occurred simultaneously. At the sentencing hearing, the court treated the two drug convictions as Gallagher's first and second convictions under Proposition 200. Gallagher was sentenced to three years probation on each conviction plus, as one of the terms of probation under the paraphernalia conviction, six months in county jail. Gallagher argued that the two drug convictions constituted only one "time" of conviction, rather than two, for the immediate purpose of his sentencing under Proposition 200, but this argument was rejected by the court.

¶ 3 Gallagher timely appealed his convictions and sentences. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1)(1992), 13–4031 (2001), and 13–4033(A) (2001). We affirm Gallagher's sentences but modify the sentence of probation on the drug paraphernalia conviction to remove the condition of jail time.

**ANALYSIS**

¶ 4 Gallagher contends on appeal, and the State agrees, that the trial court imposed an illegal sentence for the possession of drug paraphernalia conviction. The trial court treated this conviction as a second offense under Proposition 200 and imposed jail time as a condition of probation. The issue is whether convictions for possession of a dangerous drug and possession of drug paraphernalia arising from the same occasion should be treated as one conviction or two for sentencing purposes under Proposition 200. The reasoning of our supreme court in *Calik v. Kongable*, 195 Ariz. 496, 990 P.2d 1055 (1999) and *State v. Estrada*, 201 Ariz. 247, 34 P.3d 356 (2001) persuades us that Gallagher's convictions should have been considered to-

---

1. Proposition 200 is a voter-approved initiative also known as the Drug Medicalization, Prevention, and Control Act of 1996, which requires courts to suspend sentencing and impose probation for persons convicted for the first time of personal possession or use of a controlled sub-

stance. It also directs offenders to participate in drug treatment or education programs as a condition of probation. *Calik v. Kongable,* 195 Ariz. 496, 497, ¶ 2, 990 P.2d 1055, 1056 (1999). Proposition 200 is codified as Arizona Revised .Statutes ("A.R.S.") sections 13–901.01 and –901.02.

gether as one conviction, rather then two, for Proposition 200 sentencing.

¶ 5 Because the sentencing issue raised by Gallagher involves a question of statutory construction, we apply a *de novo* standard of review. *See Estrada,* 201 Ariz. at 250, ¶ 15, 34 P.3d at 359. In construing a statute, our primary purpose is to effectuate the intent of those who framed its provisions and, in the case of an initiative, the intent of the electorate who adopted it. *Calik,* 195 Ariz. at 498, ¶ 10, 990 P.2d at 1057. If the language of a statute is clear, "we apply it without using other means of statutory construction." *Id.* However, if ambiguity exists, we follow principles of statutory construction to determine the intent of those that framed the provision. *See id.* at 500, ¶ 16, 990 P.2d at 1059. In such cases, "[w]e determine legislative intent by reading the statute as a whole, giving meaningful operation to all its provisions, and by considering factors such as the statute's context, language, history, subject matter, effects and consequences, spirit and purpose." *State v. Proctor,* 196 Ariz. 557, 561, ¶ 12, 2 P.3d 647, 651 (App. 1998).

¶ 6 Under Proposition 200, a person convicted of a first or second offense for personal possession or use of illegal drugs may not be sentenced to prison but instead must be placed on probation and directed to undergo court-supervised drug treatment. A.R.S. § 13–901.01(A), (F); *State v. Tousignant,* 202 Ariz. 270, 271, ¶ 5, 43 P.3d 218, 219 (App.2002). The court may not impose jail as an initial condition of probation for a first offense but may do so for a second offense. *Calik,* 195 Ariz. at 499, ¶¶ 12–13, 990 P.2d at 1058.[2] Subsection 13–901.01(F) states that when a person is convicted of possession a "second time," the court may impose additional terms that are within the jurisdiction of the court, and our supreme court has held that these additional terms may include incarceration in a county jail. *Id.* Subsection 13–901.01(G) makes the person who is con-

victed of possession "three times" ineligible for probation under the provisions of Proposition 200 and allows the court to impose a prison sentence under other provisions of Title 13, chapter 34. *Id.* at ¶ 14, 990 P.2d 1055. The court in this case sentenced Gallagher on the paraphernalia conviction as though it was his "second time" under the statute. We disagree with this interpretation.

¶ 7 Turning first to the language of the statute itself, we note that subsection (F) speaks in terms of the "second time" an offender is convicted of personal possession or use of a controlled substance. A.R.S. § 13–901.01(F). Likewise, subsection (G) speaks in terms of an offender who has been convicted "three times." A.R.S. § 13–901.01(G). The language is ambiguous regarding what is meant by being convicted a "second time" or "three times." The statute could mean, as the trial court concluded, that each conviction for drug possession and possession of paraphernalia constitutes a separate "time" of conviction. Alternatively, it could mean that two or more convictions for drug possession and possession of paraphernalia committed on the same occasion constitute a single "time" of conviction.

¶ 8 We turn therefore to the history and purpose of the statute for further guidance. In *Calik,* our supreme court discussed the purposes behind Proposition 200, stating that "[i]t is true ... that time in jail can be an effective adjunct to probation. However, the goal of Proposition 200, to treat initial convictions for personal possession and use of a controlled substance as a medical and social problem, must govern." *Calik,* 195 Ariz. at 501, ¶ 19, 990 P.2d at 1060. The court concluded that neither the text of § 13–901.01 nor the intent of the electorate supported incarceration as a condition of probation for first-time offenders. *Id.* at ¶ 22, 990 P.2d 1055. Rather, the court recognized a "graduated sequence of punishment" in Proposition 200 wherein a trial court may not impose jail time for first-time personal possessors

2. By a referendum election held on November 5, 2002, the voters approved H.C.R.2013, which amended A.R.S. § 13–901.01(E) to allow a first-time offender under Proposition 200 who commits certain violations of the terms of his or her probation to be incarcerated. *See O'Brien v. Escher,* 204 Ariz. 459, 461 ¶ 7, 65 P.3d 107, 109 (App.2003); *see also* A.R.S. § 13–901.01(E) (Supp.2002); Laws 2002, H.C.R.2013.

and users, but may for second-time offenders; and that a third such offense makes a person ineligible for probation and allows the court to impose a sentence of imprisonment under other provisions of the criminal code. *See id.* at 499, ¶¶ 12–14, 990 P.2d at 1058. The court then vacated the trial court's order that imposed jail time as a term of probation for a first-time offender. *Id.* at 501–02, ¶ 22, 990 P.2d at 1060–61. Therefore, whether Gallagher's convictions for possession of drugs and paraphernalia are counted as one offense or two controls the propriety of the court's order imposing jail time in this case.

¶ 9 In 2001, our supreme court interpreted the probation eligibility provisions of § 13–901.01 to apply to convictions for possession of items of drug paraphernalia associated with personal drug use by persons also charged with or who could have been charged with possession of a controlled substance. *Estrada,* 201 Ariz. at 252, ¶ 24, 34 P.3d at 361. As in *Calik,* the court in *Estrada* emphasized the purpose of treating, without incarcerating, those convicted of drug possession for the first time. *Id.* at 251–52, ¶ 20, 34 P.3d at 360–61. More importantly for our analysis here, the court also determined that as a practical matter a person will rarely, if ever, possess a controlled substance without also possessing paraphernalia—a common scenario being drugs in a container, as in the case before us. *Id.* at 252, ¶ 22, 34 P.3d at 361. The court concluded that although possession of drug paraphernalia was not expressly included within Proposition 200, the electorate could not have intended to mandate only probation for the more serious offense of possessing drugs while permitting incarceration for the lesser, yet inseparable, offense of possession of paraphernalia. *Id.* at 251–52, ¶ 20, 34 P.3d at 360–61. Recognizing the unique relationship between drug possession and drug paraphernalia, the court said that "[t]o interpret Proposition 200 as mandating probation for the crime of smoking marijuana but permitting incarceration if the State charges the user for possessing paraphernalia because the shredded marijua-

na was wrapped in paper, produces a transparently absurd result." *Id.* at 252, ¶ 23, 34 P.3d at 361.

¶ 10 Our decision in this case is based on the reasoning of *Estrada* (incorporating drug paraphernalia offenses into Proposition 200), the graduated sequence of increasingly severe penalties for each "time" of conviction under Proposition 200 (as explained in *Calik*), and the stated purposes of Proposition 200 (discussed in both *Calik* and *Estrada*). We conclude that convictions for possession of drugs and possession of associated drug paraphernalia for personal use, arising out of the same occasion, constitute just one "time" of conviction under Proposition 200.[3]

¶ 11 Because a person possessing illegal drugs will usually also possess drug paraphernalia such as containers or baggies or rolling papers, we recognize that if a drug paraphernalia conviction is considered a second "time" under Proposition 200, even though it arose out of the same occasion as the accompanying drug possession charge, then most first-time drug offenders will automatically have incurred two convictions and thus be eligible for jail time. *See* A.R.S. § 13–901.01(F); *see also Calik,* 195 Ariz. at 499, ¶ 13, 990 P.2d at 1058. Such a result would be contrary to the Proposition 200 purpose of treating rather than incarcerating first-time offenders, as explained in *Estrada* and *Calik.* Such a result would also defeat application of the graduated sequence of increasing penalties considered important by the court in *Calik.*

¶ 12 We therefore hold that first-time drug offenders like Gallagher, convicted of both possession of drugs and of associated drug paraphernalia for personal use, from the same occasion, should be sentenced under Proposition 200 as though they have only one conviction. The provisions of § 13–901.01(F), for people convicted "a second time," are not applicable under these circumstances.[4]

---

**3.** Gallagher also contends that A.R.S. § 13–604(M)(2001) supports this conclusion. However, we do not base our conclusion on § 13–604(M) because its very language limits its appli-

cation to that section of the criminal code dealing with dangerous and repetitive offenders.

**4.** We do not reach the question whether a person convicted of more than one charge of personal

## CONCLUSION

¶ 13 The trial court erred in imposing jail time as a condition of Gallagher's probation on the drug paraphernalia conviction. We modify the sentence imposed on the drug paraphernalia conviction to delete the condition of jail time. With that modification, we affirm Gallagher's convictions and sentences.

CONCURRING: G. MURRAY SNOW, Presiding Judge, and JON W. THOMPSON, Judge.

drug possession arising from the same occasion has more than one "strike" under Proposition

200.