92 P.3d 901

**STATE of Arizona, Respondent,**

v.

**Charles Edward REINHARDT, Petitioner.**

**No. 1 CA–CR 02–1003PR.**

Court of Appeals of Arizona, Division 1, Department C.

June 29, 2004.

Sheila Sullivan Polk, Yavapai County Attorney By Dennis M. McGrane, Deputy County Attorney, Prescott, Attorneys for Respondent.

Sherman Jensen, Prescott, Attorney for Petitioner.

**OPINION**

GEMMILL, Judge.

¶ 1 In 1996, Arizona voters enacted the Drug Medicalization, Prevention, and Control Act, commonly referred to as Proposition 200, which is codified primarily in Arizona Revised Statutes ("A.R.S.") section 13–901.01 (2001). Charles Edward Reinhardt was convicted of three drug offenses that occurred simultaneously in 2001: possession of a dangerous drug (methamphetamine), possession of marijuana, and possession of drug paraphernalia. These offenses are subject to the provisions of Proposition 200. Although this was Reinhardt's first "time" to be convicted of such drug offenses, the trial court concluded that these convictions constituted two "times" or "strikes" under Proposition 200 and imposed jail time as a condition of Reinhardt's probation.

¶ 2 Reinhardt sought and was denied postconviction relief. He seeks review by this court. Because we hold that Reinhardt's three personal possession convictions that arose from the same occasion constitute one "time" of conviction for sentencing purposes under Proposition 200, we grant his petition for review and grant relief.

**PROCEDURAL HISTORY**

¶ 3 On February 20, 2001, Reinhardt was a passenger in a vehicle stopped by police because of an invalid registration. The police officer observed a bottle of beer in Reinhardt's lap and arrested him. Following a search of the vehicle, the officer found two plastic bags on Reinhardt's person, one con-

taining marijuana and the other containing methamphetamine. Reinhardt pled guilty to one count of possession of a dangerous drug, one count of possession of marijuana, and one count of possession of drug paraphernalia, all committed on the same occasion.

¶ 4 At sentencing, the trial court found that the convictions for possession of a dangerous drug and for possession of marijuana constituted "two strikes" under Proposition 200. The trial court did not treat the paraphernalia conviction as a separate strike. The court suspended Reinhardt's sentence, placed him on intensive probation for four years, and ordered that he be incarcerated in the Yavapai County Jail for ninety days as a condition of his probation.

## DISCUSSION

■ ¶ 5 We initially note that the issue presented here is partially moot because Reinhardt has served his jail time. This court generally does not decide moot issues. However, we may make an exception when the question presented is one of public importance and is likely to recur. See Fisher v. Maricopa County Stadium Dist., 185 Ariz. 116, 119–20, 912 P.2d 1345, 1348–49 (App. 1995).

■ ¶ 6 Moreover, if Reinhardt is again convicted of a drug offense within the purview of Proposition 200, the trial court's treatment of his possession convictions from 2001 as "two strikes" rather than "one strike" could have significant consequences. Subsection 13–901.01(G) provides that a person convicted "three times" of personal possession of drugs or paraphernalia is not eligible for favorable Proposition 200 sentencing treatment and may be sentenced to prison under other provisions of Title 13, chapter 34.[1] See also Calik v. Kongable, 195 Ariz. 496, 499, ¶ 14, 990 P.2d 1055, 1058 (1999) ("[A] third or subsequent conviction for per-

sonal possession or use makes the defendant ineligible for probation and allows the court to sentence an offender to prison."). Therefore, we find the issue ripe for our review. See State v. Story, 206 Ariz. 47, 49, ¶ 6, 75 P.3d 137, 139 (App.2003).

■ ¶ 7 Because the sentencing issue raised by Reinhardt involves a question of statutory construction, we apply a de novo standard of review. State v. Gallagher, 205 Ariz. 267, 269, ¶ 5, 69 P.3d 38, 40 (App.2003). Under Proposition 200, the trial court is required "to suspend sentencing and impose probation for persons convicted of first-time personal possession and use of controlled substances and to order participation in an appropriate drug treatment or education program as a condition of probation." Calik, 195 Ariz. at 501, ¶ 22, 990 P.2d at 1060. The eligibility provisions of Proposition 200 were construed to apply to convictions for possession of drug paraphernalia associated with personal use by persons who are charged with or could have been charged with possession of a controlled substance. See State v. Estrada, 201 Ariz. 247, 252, ¶ 24, 34 P.3d 356, 361 (2001).[2]

¶ 8 In Gallagher, we held that convictions on charges of possession of drugs and drug paraphernalia for personal use arising from the same occasion counted as only one "time" of conviction for purposes of sentencing under this statute. 205 Ariz. at 270, ¶¶ 10–12, 69 P.3d at 41; see also Story, 206 Ariz. at 49, ¶ 8, 75 P.3d at 139 (reaffirming the holding in Gallagher). We noted, however, that we were not reaching the issue of whether a person convicted of more than one offense for personal possession committed on the same occasion would have more than one "strike" under A.R.S. § 13–901.01. Gallagher, 205 Ariz. at 270–71 n. 4, ¶ 12, 69 P.3d at 41–42 n. 4. Although Gallagher does not directly resolve the issue in this case, we believe that Gallagher and the supreme court

---

1. Proposition 200 was amended effective November 25, 2002 and the referenced provision in subsection (G) is now located in subsection (H). See A.R.S. § 13–901.01 (Supp.2003). Because Reinhardt was sentenced under that version of Proposition 200 in effect prior to November 2002, we will refer to the pre-November 2002 version in this opinion.

2. The amendment in November 2002 added possession of drug paraphernalia to the drug offenses expressly covered by Proposition 200. See A.R.S. § 13–901.01 (Supp.2003).

cases it relies upon, *Calik* and *Estrada*, provide persuasive authority for the proposition that multiple charges of simple drug possession occurring on the same occasion are to be treated as a single "time" of conviction or strike under Proposition 200.

■ ¶ 9 As this court concluded in *Gallagher* regarding subsections (F) and (G) of A.R.S. § 13–901.01, "[t]he language is ambiguous regarding what is meant by being convicted a 'second time' or 'three times.' " *Id.* at 269, ¶ 7, 69 P.3d at 40. In construing this statute, "[o]ur primary purpose is to effectuate the intent of those who framed the provision and, in the case of an [initiative], the intent of the electorate that adopted it." *Calik*, 195 Ariz. at 498, ¶ 10, 990 P.2d at 1057 (citation omitted). To that end, it is appropriate to turn to "the history and purpose of the statute for further guidance." *Gallagher*, 205 Ariz. at 269, ¶ 8, 69 P.3d at 40.

¶ 10 Proposition 200 changed the law relating to persons convicted of personal possession or use of controlled substances and "require[d] courts to suspend sentencing and impose probation for first-time offenders." *Calik*, 195 Ariz. at 497, ¶ 2, 990 P.2d at 1056. "[T]he goal of Proposition 200[is] to treat initial convictions for personal possession and use of a controlled substance as a medical and social problem...." *Id.* at 501, ¶ 19, 990 P.2d at 1060. Although recognizing that "jail can be an effective adjunct to probation" by dealing with drug abuse as a disease and a public health problem, Proposition 200 favors drug treatment and education programs rather than costly incarceration in order to reduce drug use and preserve prison space for dangerous offenders. *See id.; see also Estrada*, 201 Ariz. at 251–52, ¶ 20, 34 P.3d at 360–61. Our supreme court also noted that the statute provides a "graduated sequence of punishment" for a subsequent drug conviction which may result in incarceration. *See Calik*, 195 Ariz. at 499, ¶¶ 13–14, 990 P.2d at 1058.

¶ 11 This court in *Gallagher* observed that treating convictions for drug possession and possession of drug paraphernalia arising from the same occasion as two strikes "would be contrary to the Proposition 200 purpose of treating rather than incarcerating first-time offenders as explained in *Estrada* and *Calik*." *Gallagher*, 205 Ariz. at 270, ¶ 11, 69 P.3d at 41. The court stated that "[s]uch a result would also defeat application of the graduated sequence of increasing penalties considered important by the court in *Calik*." *Id.* The court then concluded that "convictions for possession of drugs and possession of associated drug paraphernalia for personal use, arising out of the same occasion, constitute just one 'time' of conviction under Proposition 200." *Gallagher*, 205 Ariz. at 270, ¶ 10, 69 P.3d at 41.

■ ¶ 12 Applying the same reasoning to this case, we conclude that Reinhardt's two convictions for simple possession of a controlled substance occurring on the same occasion should likewise be considered as only one "time" of conviction or one strike under A.R.S. § 13–901.01. One purpose of Proposition 200 is to rehabilitate rather than incarcerate first-time drug offenders. To impose jail time on Reinhardt because he possessed two drugs at the same time, rather than just one drug, defeats this purpose. Similarly, if a person convicted for the first time of personal possession of three illegal drugs on the same occasion was deemed to have been convicted "three times" for Proposition 200 sentencing purposes, that person could be sentenced to prison, thereby defeating the purposes of imposing treatment on first-time offenders and saving our prison resources for violent criminals.

¶ 13 The State argues that because the statutory phrase "a controlled substance" is singular, each conviction for possession of "a controlled substance" should, therefore, be considered a separate strike. *See* A.R.S. § 13–901.01(A) (stating that "any person who is convicted of the personal possession or use of *a controlled substance*" is eligible for probation) (emphasis added); A.R.S. § 13–901.01(F) (describing additional conditions of probation for a person "convicted a second time of personal possession or use of *a controlled substance*") (emphasis added); A.R.S. § 13–901.01(G) (prescribing more severe penalties for a person "convicted three times of personal possession or use of *a controlled substance*") (emphasis added).

¶ 14 We do not find the State's argument to be persuasive. The phrase "a controlled substance" in subsection (A) simply describes the convictions that are subject to the special sentencing provisions of Proposition 200. The more crucial language of subsections (F) and (G) focuses on the number of "times" a person has been convicted of drug offenses under Proposition 200, rather than the number of offenses. For whatever reason, the drafters of this legislation did not use language focusing on the number of offenses. Because the actual language is ambiguous regarding what is meant by being convicted a "second time" or "three times," *see Gallagher*, 205 Ariz. at 269, ¶ 7, 69 P.3d at 40, we have followed *Calik* and *Estrada* in resolving the ambiguity by considering the overall language of the enactment and the expressed intent of the electorate. *See* ¶¶ 9–12 above.

## CONCLUSION

¶ 15 We decide that Reinhardt's three drug convictions for offenses committed on the same occasion should have been considered as one "time" of conviction or one strike for Proposition 200 sentencing purposes. The trial court erred in treating one of the convictions as a second strike and imposing jail time as a condition of probation. Accordingly, we grant Reinhardt's petition for review and we grant relief. That portion of the trial court's judgment of guilt and sentence that imposed jail time is vacated, and Reinhardt's sentence is further amended to specify that his convictions for personal drug possession offenses committed on February 20, 2001 constituted his first strike under Proposition 200.

CONCURRING: G. MURRAY SNOW, Presiding Judge and WILLIAM F. GARBARINO, Judge.