OPINION
 

 WINTHROP, Judge.
 

 ¶ 1 Melissa Jean Gomez appeals the sentences imposed following her convictions on charges of possession of methamphetamine and possession of marijuana. Gomez argues that the trial court erred in ruling that her previously-dismissed indictment on a charge of manslaughter rendered her ineligible for mandatory probation under Arizona Revised Statutes (“A.R.S.”) section 13-901.01 (Supp.2003). For reasons that follow, we hold the portion of A.R.S. § 13-901.01(B) that disqualifies an otherwise eligible defendant from mandatory probation for a drug offense based solely on a finding that the defendant has been “indicted for a violent crime” to be unconstitutional. Accordingly, we vacate Gomez’s prison sentences and remand for a new disposition consistent with this opinion.
 

 I.
 

 ¶ 2 Gomez was charged by information with possession or use of dangerous drugs, a class four felony; and possession or use of marijuana, a class six felony. The State further alleged that Gomez had three prior felony convictions and that, based on a 1994 indictment for manslaughter, she was not eligible for probation if convicted on the possession charges. In addition, the State alleged that Gomez committed the offenses while on release from confinement.
 

 ¶ 3 Prior to trial, Gomez moved to strike the State’s allegation of prior indictment. In her motion, Gomez challenged the constitutionality of the “indicted for” language in A.R.S. § 13-901.01(B) on the grounds it violates due process, the Arizona Constitution, and double jeopardy. After considering the State’s response, the trial court denied the motion.
 

 ¶ 4 Gomez agreed to waive a jury trial in return for dismissal of the allegation of prior felony convictions. Gomez was found guilty on both charges at trial. At sentencing, the trial court found that Gomez committed the offenses while on parole and that she was previously indicted for a violent crime.
 
 [1]
 
 The court sentenced Gomez to concurrent presumptive prison terms of 2.5 years for possession or use of dangerous drugs and 1 year for possession or use of marijuana, with credit for 160 days of pre-sentence incarceration.
 

 ¶ 5 Gomez filed a timely notice of appeal. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2003), 13-4031 (2001), and 13-4033(A) (2001).
 

 II.
 

 ¶ 6 Section 13-901.01 is a codification of Proposition 200, a voter initiative also known as the Drug Medicalization, Prevention, and Control Act of 1996.
 
 Calik v. Kongable,
 
 195 Ariz. 496, 497, ¶ 2, 990 P.2d 1055, 1056 (1999). The goal of Proposition 200 was to treat initi[al convictions for personal possession and use of a controlled substance as a medical and social problem.
 
 Id.
 
 at 501, ¶ 19, 990 P.2d at 1060. Towards this end, the act establishes a “graduated sequence of punishment” that precludes imprisonment for first- and second-time offenders.
 
 *366
 

 Id.
 
 at 499, ¶ 14, 990 P.2d at 1058. Under this sentencing scheme, before a person convicted of personal possession of drugs may be subjected to imprisonment, the State must both allege and prove the existence of any statutory factor that renders the person ineligible for disposition pursuant to A.R.S. § 13-901.01.
 
 See State v. Rodriguez,
 
 200 Ariz. 105, 106, ¶ 5, 23 P.3d 100, 101 (App.2001) (holding insufficient proof of prior drug convictions requires prison sentence be vacated);
 
 State v. Benak,
 
 199 Ariz. 333, 337-38, ¶ 18, 18 P.3d 127, 131-32 (App.2001) (holding State’s failure to allege that prior conviction was a “violent crime” precluded prison sentence).
 

 ¶ 7 The trial court ruled Gomez was ineligible for probation under A.R.S. § 13-901.01 because Gomez had been previously indicted for manslaughter.
 
 [2]
 
 The trial court’s ruling was based on A.R.S. § 13-901.01(B), which states, “[a]ny person who has been convicted of or indicted for a violent crime as defined in § 13-604.04 is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to chapter 34 of this title.”
 

 ¶ 8 Gomez makes two arguments in challenging the trial court’s use of A.R.S. § 13-901.01(B) in finding her ineligible for mandatory probation on her drug possession convictions. The first involves an issue of statutory construction. Gomez argues that the “indicted for” language in A.R.S. § 13-901.01(B) should be construed as excluding only persons under indictment for a violent offense at the time of the drug offense. The second consists of a challenge to the constitutionality of A.R.S. § 13-901.01(B). Specifically, Gomez asserts that the portion of this statute permitting an indictment for a violent offense to disqualify a person from sentencing under A.R.S. § 13-901.01 violates the due process requirement that all facts in a criminal proceeding be proven beyond a reasonable doubt.
 

 A.
 

 ¶ 9 Issues of statutory construction are questions of law, which this court reviews
 
 de novo. State v. Gallagher,
 
 205 Ariz. 267, 269, ¶ 5, 69 P.3d 38, 40 (App.2003). “In construing a statute, our primary purpose is to effectuate the intent of those who framed its provisions and, in the case of an initiative, the intent of the electorate who adopted it.”
 
 Id.
 
 Where the language of a statute is clear, “we apply it without using other means of statutory construction.”
 
 Calik,
 
 195 Ariz. at 498, ¶ 10, 990 P.2d at 1057.
 

 ¶ 10 We perceive no ambiguity in A.R.S. § 13-901.01(B) that would permit the “indicted for” language to be applied solely to existing indictments as suggested by Gomez. The use of the past tense “has been” as a modifier for the phrase “convicted of or indicted for” indicates a clear intent to include all prior convictions or indictments for a violent crime as disqualifying a person from the scope of A.R.S. § 13-901.01.
 

 ¶ 11
 
 State v. Givens,
 
 206 Ariz. 186, 76 P.3d 457 (App.2003) addresses the reverse of this issue. In
 
 Givens,
 
 the defendant argued that the phrase “has been convicted of or indicted for” was limited only to prior convictions or indictments in unrelated cases, not to those that may result from the pending case.
 
 Id.
 
 at 188, ¶ 5, 76 P.3d at 459. The court deemed the language of A.R.S. § 13-901.01(B) ambiguous as to whether it applied to convictions or indictments in the pending case, but ultimately concluded that it encompassed both current as well as past convictions and indictments.
 
 Id.
 
 In the present ease, the issue is whether the language of A.R.S. § 13-901.01(B) encompasses past convictions or indictments. The unambiguous language of this statute clearly indicates that it does.
 
 See Benak,
 
 199 Ariz. at 334, ¶ 6, 18 P.3d at 128 (noting a person is eligible for mandatory probation under A.R.S. § 13-901.01 “if the person has not been
 
 previously
 
 indicted for or convicted of a violent crime”) (emphasis added).
 

 B.
 

 ¶ 12 Having determined that A.R.S. § 13-901.01(B) applies by its terms to Gomez’s
 
 *367
 
 situation, we turn to the issue of whether this statute may constitutionally permit the fact of an indictment to serve as a disqualifying or enhancement factor for purposes of sentencing.
 
 [3]
 

 ¶ 13 The Due Process Clause requires that every element of a criminal charge be proven beyond a reasonable doubt.
 
 In re Winship,
 
 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). This standard of proof is also required with respect to any additional finding of fact, other than the fact of a prior conviction, that increases the penalty for an offense beyond the prescribed statutory maximum permitted by the verdict.
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The relevant “statutory maximum” under the holding in
 
 Apprendi
 
 “is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose
 
 without
 
 any additional findings.”
 
 Blakely v. Washington,
 
 — U.S. —, —, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004).
 

 ¶ 14 Pursuant to the sentencing scheme established by Proposition 200, the maximum penalty that may be imposed based on an adjudication of guilt for a first time offender on a charge of drug possession, absent additional findings by the court, is probation.
 
 [4]
 

 See
 
 A.R.S. § 13-901.01(A) (“The court shall suspend the imposition or execution of sentence and place the person on probation.”). The court remains free to include various terms and conditions as a part of the probation, but incarceration is not authorized.
 
 Calik,
 
 195 Ariz. at 501-02, ¶ 22, 990 P.2d at 1060-61. Thus, we constiue the “probation without incarceration” penalty mandated by A.R.S. § 13-901.01(A) for convictions on charges of personal drug possession as the “statutory maximum” for purposes of analyzing the constitutionality of any sentence enhancement provision applicable to this statute.
 

 ¶ 15 The purpose of section 13-901.01(B) is to exclude violent offenders from the mandatory probation penalty generally applicable to at least the first two convictions for personal possession of drugs.
 
 See
 
 Proposition 200, Purpose and Intent at § 3(C), (E), 1997 Ariz. Sess. Laws 2897. Under this provision, the determination of whether a person is rendered ineligible for mandatory probation is based on whether the person has been convicted or indicted for a violent offense. By its express terms, a finding that a person has been either convicted or indicted for a violent crime excludes that person from disposition under A.R.S. § 13-901.01 and permits the trial court to impose a sentence of imprisonment for the offense in accordance with the general sentencing statutes.
 
 See
 
 A.R.S. §§ 13-3401 to -3422 (2001 & Supp.2003); A.R.S. §§ 13-701 to -711 (2001 & Supp.2003). Because the trial court imposed a sentence exceeding the “statutory maximum” based on the finding that Gomez had been indicted for a violent crime, that factor is subject to the
 
 Apprendi
 
 rule that the fact be found beyond a reasonable doubt.
 
 [5]
 

 Blakely,
 
 124 S.Ct. at 2537.
 

 ¶ 16 There is no constitutional infirmity in the portion of A.R.S. § 13-901.01(B) that excludes a person from mandatory probation for a drug possession conviction based on the fact that the person has been convicted of a violent offense.
 
 Cherry v. Araneta,
 
 203 Ariz. 532, 534, ¶ 8, 57 P.3d 391, 393 (App.2002). In
 
 *368
 

 Cherry,
 
 we observed that the
 
 Apprendi
 
 Court expressly recognized a narrow exception for use of prior convictions as sentencing factors without the need to prove them beyond a reasonable doubt. 203 Ariz. at 533-34, ¶ 5, 57 P.3d at 392-93. “Because the prior conviction was necessarily proven to a jury beyond a reasonable doubt, the required procedural safeguards have been met and the Sixth Amendment concerns have been mitigated.”
 
 Id.
 
 (citing
 
 Apprendi,
 
 530 U.S. at 488, 120 S.Ct. 2348). Thus, a conviction for a violent offense may be both logically and legally viewed as establishing beyond a reasonable doubt that the person has committed a violent crime.
 

 ¶ 17 In contrast with a conviction, which requires a finding beyond a reasonable doubt that the person committed the offense, an indictment is issued based on a finding of probable cause.
 
 See
 
 A.R.S. § 21-413 (2002) (requiring a grand jury to return an indictment if convinced from all evidence that probable cause exists to believe accused is guilty of offense); Ariz. R.Crim. P. 12.1(d)(4) (same). Given the lower burden of proof applied in grand jury proceedings, the mere fact of an indictment for a violent crime cannot be deemed to establish beyond a reasonable doubt that the person indicted is a violent offender. Thus, the portion of A.R.S. § 13-901.01(B) rendering a person ineligible for mandatory probation under A.R.S. § 13-901.01(A) based solely on an indictment for a violent crime violates the
 
 Apprendi
 
 rule that all facts, other than the fact of a prior conviction, that increases the penalty for an offense beyond the prescribed statutory maximum must be established beyond a reasonable doubt and is therefore unconstitutional.
 
 Apprendi
 
 530 U.S. at 490, 120 S.Ct. 2348.
 

 ¶ 18 The State’s reliance on
 
 State v. Johnson,
 
 183 Ariz. 623, 905 P.2d 1002 (App.1995),
 
 aff’d,
 
 186 Ariz. 329, 922 P.2d 294 (1996), and
 
 State v. Rebollo
 
 so, 177 Ariz. 399, 868 P.2d 982 (App.1993), as supporting the legitimacy of using an indictment on a charge for sentence enhancement purposes, is unavailing. In
 
 Johnson,
 
 the court held that a trial court may properly aggravate a sentence based on a grand jury’s determination resulting in an indictment. 183 Ariz. at 635-36, 905 P.2d at 1014-15. Similarly, in
 
 Rebollosa,
 
 this court held a trial court could aggravate a sentence based on a previous probable cause finding that the defendant committed a separate offense. 177 Ariz. at 401, 868 P.2d at 984. These decisions simply do not survive the holdings in
 
 Apprendi
 
 and
 
 Blakely,
 
 and therefore are no longer good law.
 

 ¶ 19 Nor can the State circumvent the problem with this statute by contending that the requisite fact to be proven under A.R.S. § 13-901.01(B) is not whether a person is a violent offender but simply whether he has been “indicted for” a violent crime. The Due Process Clause precludes states from enacting criminal statutes that discard the presumption of innocence.
 
 McMillan v. Pennsylvania,
 
 477 U.S. 79, 87, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).
 

 “[I]t is not within the province of a legislature to declare an individual guilty or presumptively guilty of a crime.”
 
 McFarland v. American Sugar Rfg. Co.,
 
 241 U.S. 79, 86, 36 S.Ct. 498, 500, 60 L.Ed. 899 (1916). The legislature cannot “validly command that the finding of an indictment, or mere proof of the identity of the accused, should create a presumption of the existence of all the facts essential to guilt.”
 
 Tot v. United States,
 
 319 U.S. 463, 469, 63 S.Ct. 1241, 1246, 87 L.Ed. 1519 (1943).
 

 Patterson v. New York,
 
 432 U.S. 197, 210, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).
 

 III.
 

 ¶ 20 The portion of A.R.S. § 13-901.01(B) providing for a person to be excluded from mandatory probation for a conviction for a personal possession drug offense based on the fact of a mere indictment for a violent crime violates the due process requirement that “all facts legally essential to the punishment” be proven beyond a reasonable doubt.
 
 Blakely,
 
 124 S.Ct. at 2543. Thus, the trial court erred by denying Gomez’s motion to strike the State’s sentence enhancement allegation based on the indictment and finding
 
 *369
 
 that Gomez was not eligible for mandatory probation under A.R.S. § 13-901.01(A).
 

 ¶ 21
 
 Gomez’s
 
 convictions are affirmed, but the sentences imposed are vacated, and this matter is remanded to the trial court for a new disposition consistent with this opinion.
 

 CONCURRING: SUSAN A. EHRLICH, Presiding Judge and STEPHEN M. DESENS, Judge Pro Tempore.
 
 *
 

 [1]
 

 . "Violent crime" is defined in A.R.S. § 13-604.04(B) (2001) as "any criminal act that results in death or physical injury or any criminal use of a deadly weapon or dangerous instrument.”
 

 [2]
 

 . Gomez stipulated at sentencing that she had been indicted for manslaughter in Maricopa County Superior Court cause number CR 1994-06423. Gomez was never tried on this charge because the State had it dismissed on grounds that there was no reasonable likelihood of conviction.
 

 [3]
 

 . Whether the fact of a prior indictment is considered a form of sentence enhancement or whether it is viewed as a disqualifying factor which limits the trial court’s sentencing discretion,
 
 see Raney v. Lindberg,
 
 206 Ariz. 193, 197-98, 76 P.3d 867, 871-72 (App.2003), the net effect is the same: an increased sentence based upon the finding of certain facts.
 

 [4]
 

 . Although Gomez was convicted on two separate drug possession offenses, they only count as one offense for purposes of A.R.S. § 13-901.01(A) because they occurred on the same occasion.
 
 State v. Reinhardt,
 
 208 Ariz. 271, 274, ¶ 12, 92 P.3d 901, 904 (App.2004).
 

 [5]
 

 . In
 
 Rodriguez,
 
 200 Ariz. at 107, ¶ 10, 23 P.3d at 102, the court held that facts used to take a person outside Proposition 200 are not subject to the
 
 Apprendi
 
 rule as they do “not increase the statutory maximum sentence." We decline to follow
 
 Rodriguez
 
 on this issue because
 
 Blakely
 
 makes clear that the relevant "statutory maximum” for the
 
 Apprendi
 
 rule is not the maximum sentence authorized for an offense, but rather the maximum that may be imposed without any additional findings.