924 P.2d 1048

**STATE of Arizona, Appellee,**

v.

**Richard Lee THOMPSON, Appellant.**

**No. 1 CA–CR 95–0682.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 26, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Jack Roberts, Assistant Attorney General, Phoenix, for Appellee.

John C. Williams, Prescott, for Appellant.

## OPINION

FIDEL, Judge.

Defendant Richard Lee Thompson was convicted in a jury trial of aggravated assault, unlawful flight, and theft. Accepting these convictions, Defendant argues on appeal that his sentences were improperly enhanced. The trial court, citing two prior felony convictions in Colorado, sentenced Defendant to enhanced prison terms under Arizona Revised Statutes Annotated ("A.R.S.") § 13–604, Arizona's sentencing provision for repetitive offenders.[1] Defendant argues on appeal that, because the Colorado statute underlying his prior convictions encompassed conduct that would not have been felonious in Arizona, his Colorado convictions did not qualify as prior felonies to enhance the sentences that he appeals.

To utilize an out-of-state conviction as a prior felony under section 13–604, the sentencing court must determine that the defendant was convicted of a crime that would have constituted a felony under Arizona law. This case concerns what the sentencing court may consider in making that determination.

### I.

The trial court enhanced Defendant's Arizona sentences on the ground that, on two previous occasions, Defendant had been convicted in Colorado of second degree burglary, a felonious offense. Underlying Defendant's Colorado convictions, Colorado Revised Statutes ("C.R.S.") § 18–4–203(1)(1973) provides:

---

1. A.R.S. § 13–604(C) and (D) establish enhanced ranges of sentence for felony convictions for persons who have "two or more historical prior felony convictions." Subsection 13–604(N)(1995) (formerly A.R.S. § 13–604(I)) pro-

vides, in pertinent part: "A person who has been convicted in any court outside the jurisdiction of this state of an offense which if committed within this state would be punishable as a felony ... is subject to the provisions of this section."

A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a building or occupied structure with intent to commit therein a *crime* against a person or property.

(Emphasis added.)

In contrast to Colorado's statute, Arizona's second degree burglary statute requires more than an intent to commit a "crime"; under Arizona's statute, a defendant must enter with an intent to commit a "theft" or "felony." A.R.S. § 13–1507(A) (1989) provides:

A person commits burglary in the second degree by entering or remaining unlawfully in or on a residential structure with the intent to commit *any theft* or any *felony* therein.

(Emphasis added.) Comparing the elements of the statutes, Defendant argues, and the State concedes, that Colorado's statute encompasses conduct that would not constitute a felony under Arizona law.

The Colorado statute, however, elevates second degree burglary, ordinarily a class *4* felony, to a class *3* felony if

(a) It is a burglary of a dwelling; or

(b) It is a burglary, the objective of which is the theft of a controlled substance ... lawfully kept within any building or occupied structure.

C.R.S. § 18–4–203(2)(1982).

Among the trial exhibits, certified copies of Defendant's Colorado judgments of conviction demonstrate that both were for second degree burglary, a class 3 felony. The question therefore arises whether the class 3 felony of second degree burglary in Colorado encompasses only conduct that would constitute a felony under Arizona law. Without addressing that question, the State argues that the trial court was entitled to consider certified copies of Colorado *charging* documents establishing that each of the Colorado convictions arose from a charge that Defendant had committed burglary with intent to commit theft of a controlled substance—an offense that clearly constitutes a felony under Arizona law. The Defendant, likewise failing to analyze the elements of the class 3 felony of second degree burglary in Colorado, argues that the trial court was not entitled to consider charging documents or, indeed, to look beyond the four corners of the broad Colorado statute making second degree burglary a crime.

## II.

In *State v. Clough,* this court stated:

[T]here must be strict conformity between the elements of the [out-of-state] felony statute and the elements of some Arizona felony before A.R.S. § 13–604(I) can apply.... [A] court must be sure that the fact finder in the prior case actually found beyond a reasonable doubt that the defendant had committed every element that would be required to prove the Arizona offense.

171 Ariz. 217, 219–20, 829 P.2d 1263, 1265–66 (App.1992).

Defendant, quoting this statement, argues that, to qualify an out-of-state conviction for enhancement purposes, the sentencing court must confine itself to comparative statutory analysis and may not consider evidence concerning the actual conduct the defendant was proven to commit.

*State v. Schaaf,* 169 Ariz. 323, 819 P.2d 909 (1991), gives Defendant's argument some support. There, our supreme court stated that to establish, as an aggravating circumstance, that a defendant was previously convicted of a crime involving the use or threat of violence, courts may consider "only the statute that [a] defendant is charged with violating; it may not consider other evidence, or bring in witnesses...." *Id.* at 334, 819 P.2d at 920 (citing *State v. Hinchey,* 165 Ariz. 432, 437, 799 P.2d 352, 357 (1990)); *see also State v. Gillies,* 135 Ariz. 500, 511, 662 P.2d 1007, 1018 (1983) (precluding the State from calling the victim of a prior crime to testify that it had been committed with violence on the grounds that the court would not "allow what is, in effect, a second trial on defendant's prior conviction....").

It is one thing, however, to preclude the State from "bring[ing] in the victim of the prior crime, long after its commission," to establish the nature of the prior crime. *Id.*

It is another to preclude the State from introducing documentary evidence defining the nature of the prior conviction. Thus, in recent cases, our supreme court has held that, by establishing a particular subsection under which a defendant was convicted of aggravated assault, the State may prove that the prior conviction involved violence or threat of violence, an aggravating circumstance under A.R.S. § 13–703(F)(2). *See, e.g., State v. Ramirez,* 178 Ariz. 116, 129–30, 871 P.2d 237, 250–51 (1994); *State v. Kiles,* 175 Ariz. 358, 369–70, 857 P.2d 1212, 1223–24 (1993); *State v. Fierro,* 166 Ariz. 539, 549–50, 804 P.2d 72, 82–83 (1990). We find no inconsistency between these cases, which permit the State to pinpoint the statutory basis of a prior conviction, and the proscription of *Schaaf, Gillies,* and *Clough* against making the conduct underlying the prior conviction the subject of a second trial.

■ We therefore hold that the State may qualify an out-of-state conviction as an enhancing prior felony by establishing that the defendant was convicted under a particular subsection of a foreign statute, if that subsection encompasses only conduct that would constitute a felony in Arizona. It follows that, by establishing through judgments of conviction that Defendant was convicted in Colorado of second degree burglary, a class 3 felony, the State narrowed the frame of reference from C.R.S. § 18–4–203—the broad second degree burglary statute as a whole— to C.R.S. § 18–4–203(2)—the particular subsection that limits class 3 burglaries to those "of a dwelling" or those "the objective of which is the theft of a controlled substance."

■ The question remains whether a conviction under subsection 18–4–203(2) of the C.R.S. necessarily entailed conduct that would have constituted a felony in Arizona. To narrow the question further, we may conclude, by facial comparison of the Colorado and Arizona second degree burglary statutes, that burglary with the objective of theft of a controlled substance would clearly constitute "burglary with the intent to commit any theft," a class 3 felony in Arizona. *See* A.R.S. § 13–1507. Thus, the question becomes whether "burglary of a dwelling," an offense within the scope of C.R.S. § 18–4–

203(2), would necessarily constitute a felony in Arizona.

Sidestepping this question, however, the State attempts to narrow Defendant's prior convictions to burglaries with the objective of theft of a controlled substance. For this purpose, the State introduced at the time of sentencing, and the trial court relied upon, copies of Colorado charging documents establishing that Defendant was charged in each case with burglary with the objective of theft of a controlled substance. We therefore consider whether the trial court was entitled to rely on charging documents to establish the nature of either of Defendant's prior convictions.

We first consider Defendant's conviction of March 2, 1983. The judgment recording that conviction not only reflects that Defendant was convicted of second degree burglary, a class 3 felony, but further specifies that the conviction was pursuant to Count I of the Information. Count I of the Information in turn charges Defendant expressly with second degree burglary with the objective of theft of a controlled substance. In this instance, because the judgment of conviction effectively incorporated Count I of the charging document by reference, we conclude that the trial court properly considered that charging document in determining the precise nature of Defendant's conviction. And because the judgment of conviction and charging document established in combination that Defendant was convicted in Colorado of a crime that would have constituted a felony in Arizona, we conclude that the trial court properly considered Defendant's March 2, 1983, conviction for the purpose of sentence enhancement under A.R.S. § 13–604.

■ We next consider Defendant's conviction of November 17, 1983. Here, in contrast to the March conviction, the judgment reflects only that Defendant was convicted of second degree burglary, a class 3 felony; the judgment does not refer to the charging document in any respect. We conclude in this instance that the trial court could not rely upon the charging document to determine the nature of Defendant's conviction. Although Defendant was indeed initially

charged with burglary with the objective of theft of a controlled substance, initial charges can be amended at trial or in change of plea proceedings. *See, e.g.,* Ariz. R.Crim. P. 13.5(b), 17 A.R.S. (charge may be amended to correct mistakes of fact or technical defects, or if a defendant consents); Colo. R.Crim. P. 7(e), Title 16 C.R.S. (form and substance of information may be amended before trial; form may be amended before verdict or finding). As Defendant correctly asserts, the case law unequivocally emphasizes the conviction—not merely the charge. *See, e.g., Ramirez,* 178 Ariz. at 130, 871 P.2d at 251; *Kiles,* 175 Ariz. at 369, 857 P.2d at 1223. The trial court was unable in this instance to rule out the possibility that Defendant may have been convicted of the class 3 felony of second degree burglary of a dwelling.

We therefore return to the question whether burglary of a dwelling under Colorado's statute necessarily constitutes a felony in Arizona. We conclude that it does. Colorado defines "a dwelling" as "a building which is used, intended to be used, or usually used by a person for habitation." C.R.S. § 18–1–901(3)(g). This definition falls within what the Arizona Revised Statutes refer to as "a residential structure."

Under A.R.S. § 13–1504(A)(1), Arizona's statute for criminal trespass in the first degree:

A person commits criminal trespass in the first degree by knowingly ... [e]ntering or remaining unlawfully in or on a residential structure or in a fenced residential yard.

Subsection 13–1504(B) further classifies criminal trespass in the first degree as a felony if "it is committed by entering or remaining unlawfully in or on a residential structure...." Under A.R.S. § 13–1501(7)(1995), "'Residential structure' includes any structure, movable or immovable, permanent or temporary, adapted for both human residence and lodging whether occupied or not."

Because Arizona's statutory definition of "residential structure" necessarily encompasses Colorado's definition of "a dwelling," we are satisfied that the Colorado felony of entering or remaining unlawfully in the dwelling of another is also a felony in Arizona. *Compare* C.R.S. § 18–4–203(2) *with* A.R.S. § 13–1504(A). Consequently, it is immaterial whether, when convicted of the class 3 felony of second degree burglary in November 1983, Defendant was found to have committed the specific act of burglary with the objective of obtaining a controlled substance or the specific act of burglary of a dwelling. In either event, Defendant was convicted of an act that would have constituted a felony in Arizona; and his conviction was therefore properly considered by the trial court as an enhancing prior felony under A.R.S. § 13–604.

### III.

For the foregoing reasons, the judgment and sentences of the trial court are affirmed.

NOYES, P.J., and McGREGOR, J., concur.