IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

MAY 31 2007

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2006-0032 |
| Appellee, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| RAMON ANTHONY JOYNER, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20051817

Honorable Howard Hantman, Judge

AFFIRMED IN PART; REVERSED IN PART AND REMANDED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Eric J. Olsson                                          Tucson
                                                                 Attorneys for Appellee


Isabel G. Garcia, Pima County Legal Defender
  By Stephan J. McCaffery                                                        Tucson
                                                             Attorneys for Appellant

V Á S Q U E Z, Judge.

¶1	A jury found Ramon Joyner guilty of possession of a narcotic drug, possession of marijuana, possession of drug paraphernalia, and resisting arrest. It also found that he had prior convictions for armed robbery and attempted armed robbery. He was sentenced to a mitigated, enhanced, eight-year term of imprisonment for possession of a narcotic drug and presumptive, enhanced, 3.75-year terms of imprisonment for each of the other convictions, all to be served concurrently.

¶2	On appeal, Joyner maintains his sentences for the possession convictions are illegal. He argues that, as a matter of law, his prior convictions for armed robbery and attempted armed robbery do not fall within the statutory definition of "violent crime" in A.R.S. § 13-604.04, and he is therefore eligible for mandatory probation. *See* A.R.S. § 13-901.01. On this record, we agree.

**Procedural Background**

¶3	The state alleged in Joyner's indictment that he was "ineligible for probation pursuant to A.R.S. § 13-901.01" based on his past convictions for attempted armed robbery and armed robbery, "which was a violent crime." After the guilty verdicts were rendered, the state presented the jury with evidence of Joyner's prior criminal convictions, including charging documents, plea agreements, sentencing minute entries, and presentence reports for both offenses. The jury found Joyner had been previously convicted of armed robbery and attempted armed robbery, which were identified in the verdict forms by specific cause numbers.

¶4         At sentencing, neither the parties nor the trial court addressed the potential

application of § 13-901.01, and the presentence report simply noted, "[n]o probation

available."[1] The court "reaffirm[ed]" the convictions and the jury's findings that Joyner had

two prior felony convictions before imposing sentence.

## Standard of Review

¶5         Because Joyner did not raise the issues he raises now at sentencing, we review

his claims only for fundamental error. *See State v. Henderson*, 210 Ariz. 561, ¶ 19, 115

P.3d 601, 607 (2005). "To prevail under this standard of review, a defendant must establish

both that fundamental error exists and that the error in his case caused him prejudice." *Id.*

¶ 20. We will not disturb a sentence that is within the statutory range absent an abuse of the

trial court's discretion. *State v. Russell*, 175 Ariz. 529, 534, 858 P.2d 674, 679 (App.

1993). On the other hand, "[t]he failure to impose a sentence in conformity with mandatory

sentencing statutes makes the resulting sentence illegal." *State v. Carbajal*, 184 Ariz. 117,

118, 907 P.2d 503, 504 (App. 1995). And we have held that the "[i]mposition of an illegal

sentence constitutes fundamental error." *State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368,

369 (App. 2002); *see also State v. Vargas-Burgos*, 162 Ariz. 325, 327, 783 P.2d 264, 266

---

[1]Although Joyner had argued in a sentencing memorandum that "on the current state
of the record probation is still mandatory . . . [because] the jury never made any finding with
respect to the 'violent' nature" of his prior convictions, he appears to have abandoned this
argument at the sentencing hearing. Moreover, Joyner never raised the argument he now
makes on appeal: that, as a matter of law and statutory definition, a conviction for armed
robbery cannot constitute a conviction for a "violent crime" as defined in A.R.S. § 13-
604.04(B).

3

(App. 1989) (claim that sentence illegal not waived by failure to object in trial court). Moreover, "[w]hether the trial court applied the correct sentencing statute is a question of law, which we review de novo." *State v. Hollenback*, 212 Ariz. 12, ¶ 12, 126 P.3d 159, 163 (App. 2005). **Sentencing Pursuant to A.R.S. § 13-901.01**

¶6 Section 13-901.01 is the codification of a voter initiative commonly known as Proposition 200 that "significantly changed the legal consequences for defendants convicted of certain nonviolent, first- and second-time drug offenses."[2] *State v. Rodriguez*, 200 Ariz. 105, ¶ 2, 23 P.3d 100, 101 (App. 2001). Specifically, § 13-901.01(A) provides:

> Notwithstanding any law to the contrary, any person who is convicted of the personal possession or use of a controlled substance or drug paraphernalia is eligible for probation. The court shall suspend the imposition or execution of sentence and place the person on probation.

¶7 There are limited exceptions to this mandatory probation requirement, however. A court is not required to place a defendant on probation when a defendant has been convicted for a third time of personal possession of a controlled substance, *see* § 13-901.01(H)(1); *State v. Guillory*, 199 Ariz. 462, ¶ 3, 18 P.3d 1261, 1263 (App. 2001), or when a defendant "has been convicted of or indicted for a violent crime as defined in §13-604.04," § 13-901.01(B). Section 13-604.04, which was also enacted to give effect to Proposition 200, 1997 Ariz. Sess. Laws, ch. 6, § 1, defines a violent crime as "any criminal

---

[2]The initiative was titled "Drug Medicalization, Prevention, and Control Act of 1996." 1997 Ariz. Sess. Laws, p. 2895.

act that results in death or physical injury or any criminal use of a deadly weapon or dangerous instrument," § 13-604.04(B). Thus, a defendant who has multiple prior convictions for drug offenses or any prior conviction for a violent crime is subject to "[s]tandard felony sentencing provisions that permit imprisonment." *Foster v. Irwin*, 196 Ariz. 230, ¶ 3, 995 P.2d 272, 273-74 (2000). Conversely, "[a] prior conviction for a non-violent, non-drug-related crime does not negate the probation requirement" of § 13-901.01. *Foster*, 196 Ariz. 230, ¶ 10, 995 P.2d at 276.

¶8 Here, the trial court implicitly found Joyner was ineligible for mandatory probation under § 13-901.01(B) (and, by reference, § 13-604.04) because of Joyner's prior convictions for armed robbery and attempted armed robbery. Citing *State v. Crawford*, 214 Ariz. 129, 149 P.3d 753 (2007); *State v. Hinchey*, 165 Ariz. 432, 799 P.2d 352 (1990); and *Cherry v. Araneta*, 203 Ariz. 532, 57 P.3d 391 (App. 2002), Joyner argues that whether a defendant's prior conviction may be characterized as a violent crime as defined in § 13-604.04 is a legal question that may be resolved only by reference to the statutory elements of the offense of conviction, without consideration of the underlying facts. And, according to Joyner, a conviction for armed robbery does not necessarily establish a "criminal use of a deadly weapon or dangerous instrument," § 13-604.04, because armed robbery may also be committed by using or threatening to use a simulated deadly weapon, *see* A.R.S. § 13-

5

1904.[3]  The state, on the other hand, urges us to affirm the court's implicit finding that

Joyner had previously been convicted of a violent crime by considering facts alleged in the

documents of record for his prior convictions, including the charging documents, a pretrial

release statement, a presentence report, and a sentencing minute entry.  According to the

state, those documents establish Joyner used a gun when he committed his prior offenses.

---

[3]Section 13-1904, A.R.S., provides:

> A.  A person commits armed robbery if, in the course of committing robbery as defined in § 13-1902, such person or an accomplice:
>
> 1.  Is armed with a deadly weapon or a simulated deadly weapon; or
>
> 2.  Uses or threatens to use a deadly weapon or dangerous instrument or a simulated deadly weapon.

Section 13-1902(A), A.R.S., provides:

> A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

"'Deadly weapon' means anything designed for lethal use, including a firearm," A.R.S. § 13-105(13), and "'[d]angerous instrument' means anything that under the circumstances in which it is used, attempted to be used or threatened to be used is readily capable of causing death or serious physical injury," § 13-105(11).

6

**Determination of Violent Nature of Prior Conviction**

a.      Based on Statutory Definition

¶9          Division One of this court has held that a court may consider the statutory definition of an offense to discern whether the elements required for conviction necessarily establish the commission of a violent crime under § 13-901.01(B). *Cherry*, 203 Ariz. 532, ¶¶ 8-9, 57 P.3d at 393 (previous plea of guilty to assault for "[i]ntentionally, knowingly or recklessly caus[ing] any physical injury to another person," A.R.S. § 13-1203(A)(1), necessarily established "physical injury" requirement of § 13-604.04) (first alteration in *Cherry*); *see also Montero v. Foreman*, 204 Ariz. 378, ¶¶ 13-14, 64 P.3d 206, 209-10 (App. 2003) (previous guilty plea to disorderly conduct "in violation of A.R.S. § 13-2904(A)(6)," requiring finding that Montero "[r]ecklessly handle[d], display[ed] or discharge[d] a deadly weapon or dangerous instrument" necessarily established violent crime under § 13-604.04) (first alteration in *Montero*).  In *Cherry* and *Montero*, the same proof required to find the defendants guilty of the elements of their charged offenses also established, necessarily, that they had been convicted of violent crimes as defined in §§ 13-901.01(B) and 13-604.04.  *Cf. State v. Parker*, 128 Ariz. 97, 99, 624 P.2d 294, 296 (1981) (dangerous nature allegation "must be submitted to the jury for a separate finding *unless* an element of the offense charged contains an allegation and requires proof of the dangerous nature of the felony") (emphasis added).

¶10        In this case, by contrast, Joyner is correct that his prior conviction for armed robbery, as defined in § 13-1904, does not necessarily establish he used a deadly weapon or dangerous instrument because armed robbery may be committed with a simulated deadly weapon—and a "simulated deadly weapon" may be neither deadly nor dangerous. *See, e.g., State v. Bousley*, 171 Ariz. 166, 168, 829 P.2d 1212, 1214 (1992) (positioning hands to "simulate[] deadly weapons" supported armed robbery conviction); *State v. Felix*, 153 Ariz. 417, 419, 737 P.2d 393, 395 (App. 1986) (nasal inhaler constituted simulated deadly weapon). As a result, armed robbery, based solely on its statutory definition, is not necessarily a violent crime under the definition in § 13-604.04.[4] Thus, next we address whether the other evidence the state proffered could be considered to establish the violent nature of Joyner's prior convictions.

b.        Consideration of Underlying Facts Prohibited

¶11        In *Cherry*, Division One of this court suggested, in dictum, that analyzing the statutory elements of an offense is the only means of concluding a prior offense was violent

---

[4]We are constrained by the plain language of §§ 13-604.04 and 13-1904. Using other definitions, robbery and armed robbery have been "repeatedly found [to be] . . . crime[s] of violence." *State v. Lee*, 185 Ariz. 549, 557, 917 P.2d 692, 700 (1996) (statutory definition of robbery "requires the use of threat of force," which supported former A.R.S. § 13-703(F)(2) aggravating circumstance of prior conviction of crime involving violence); *cf. State v. Tresize*, 127 Ariz. 571, 574, 623 P.2d 1, 4 (1980) (under prior version of § 13-1904, 1997 Ariz. Sess. Laws, ch. 142, § 73, before statute amended to include simulated weapon, jury instructed that armed robbery required proof defendant armed with or used deadly weapon or dangerous instrument and "must necessarily have concluded that the offense was a dangerous offense" subject to enhancement under A.R.S. § 13-604).

as defined in §§ 13-901.01 and 13-604.04, reasoning that "whether [a] prior conviction is a violent crime for purposes of A.R.S. § 13-901.01 is a question of law for the trial judge." 203 Ariz. 532, ¶ 8, 57 P.3d at 393. Division One perceived that question to be a narrow one, as explained below:

> Analysis of the prior conviction "is purely a legal question; it does not depend on the merits of alternative versions of the facts." [*State v.*] *Ault*, 157 Ariz. [516,] 520, 759 P.2d [1320,] 1324 [(1988)]. The scope of a trial court's review of the prior conviction is limited, however, to the statutory elements of the offense, without consideration of other evidence.

203 Ariz. 532, ¶ 11, 57 P.3d at 394.

¶12 As the court noted in *Cherry*, in other contexts in which sentencing statutes require a trial court to determine the nature of a prior conviction, the court may consider only the statutory elements necessary for the conviction.[5] *Id*. This limitation "guarantees that a criminal defendant's due process rights will not be violated," *State v. Schaaf*, 169 Ariz. 323, 333, 819 P.2d 909, 919 (1991), by subjecting the defendant to "what is, in effect, a second trial on [a] defendant's prior conviction to establish the existence" of a sentencing

---

[5]Because § 13-604.04 calls for a conclusion about the nature of a prior offense, we distinguish it from sentencing factors that are established by mere proof that a prior conviction exists and liken it to those recidivist sentencing factors that require some additional analysis. *Compare, e.g.*, A.R.S. § 13-703(F)(2) (prior conviction for enumerated "serious offense") *with* former § 13-703(F)(2), 1988 Ariz. Sess. Laws, ch. 155, § 1 (prior felony "involving the use or threat of violence on another person"); *see also State v. Heath*, 198 Ariz. 83, ¶ 4, 7 P.3d 92, 93 (2000) (admission to existence of extrajurisdictional prior conviction "does not constitute proof that the foreign conviction would have been a felony under Arizona law" for purpose of § 13-604(N)).

factor, *State v. Gillies*, 135 Ariz. 500, 511, 662 P.2d 1007, 1018 (1983). Accordingly, "a court 'may not consider other evidence . . . or bring in witnesses' to establish the [nature of the prior] offense." *State v. Roque*, 213 Ariz. 193, ¶ 81, 141 P.3d 368, 391 (2006), *quoting Schaaf*, 169 Ariz. at 334, 819 P.2d at 920.

¶13 For example, to find that a defendant had been previously convicted of a felony "involving the use or threat of violence on another person," an aggravating circumstance found in former A.R.S. § 13-703(F)(2), 1988 Ariz. Sess. Laws, ch. 155, § 1, the court must have concluded that "the particular crime [could have been] perpetrated only with the use or threat of violence. . . . If 'the defendant [could] commit or be convicted of the crime without the use or threat of violence, the prior conviction c[ould] not qualify as a statutory aggravating circumstance'" under that statute. *Schaaf*, 169 Ariz. at 333-34, 819 P.2d at 919-20 (Nevada's statutory elements for attempted murder did not require use of violence; trial court erred in considering testimony about underlying facts), *quoting State v. Fierro*, 166 Ariz. 539, 549, 804 P.2d 72, 82 (1990) (Texas convictions for aggravated assault and robbery did not support § 13-703(F)(2) aggravator because offenses could be committed "recklessly" without use or threat of force) (citations omitted in *Schaaf*); *see also State v. Hinchey*, 165 Ariz. 432, 437, 799 P.2d 352, 357 (1990) (prior conviction did not qualify as § 13-703(F)(2) aggravating circumstance based on statutory elements of endangerment).

**¶14** Similarly, a sentencing court may not consider the facts underlying a foreign prior conviction to determine whether it would constitute a felony in Arizona under A.R.S. § 13-604(N), *see, e.g., Crawford*, 214 Ariz. 129, ¶¶ 6-9, 149 P.3d at 755-56, or a "serious offense" under § 13-703(F)(2), *see, e.g., Roque*, 213 Ariz. 193, ¶¶ 82-88, 141 P.3d at 391-92. As these cases suggest, because the nature of a prior conviction is "a purely legal issue," limiting the court's analysis to the elements established by the prior conviction frees the sentencing court "from the burden of making factual determinations about the defendant's underlying conduct." *Crawford*, 214 Ariz 129, ¶ 9, 149 P.3d at 756.

**¶15** We see no reason why this same analysis should not apply here. We recognize, as the state suggests, that it is unlikely the voters who enacted Proposition 200 intended that a defendant with prior convictions for armed robbery and attempted armed robbery be eligible for mandatory probation.[6] But our supreme court has emphasized that this rule—that the nature of a prior conviction may only be determined by the statutory elements of the offense—is required "[t]o protect 'a criminal defendant's due process rights.'" *Roque*, 213 Ariz. 193, ¶ 81, 141 P.3d at 391, *quoting Schaaf*, 169 Ariz. at 333-34, 819 P.2d at 919-20. Such protections are due defendants being placed on probation under § 13-901.01 as well as those being sentenced under A.R.S. §§ 13-604, 13-702, and 13-703.

---

[6]In fact, Division One of this court has also assumed robbery is among the violent crimes that exclude a defendant from the benefits of mandatory probation under Proposition 200. *Gray v. Irwin*, 195 Ariz. 273, ¶ 13, 987 P.2d 759, 762 (App. 1999) (suggesting defendants with "prior felony convictions for homicide, sexual assault, and robbery" would be denied mandatory probation under § 13-901.01(B)).

Accordingly, we hold that whether a prior conviction is a violent crime under § 13-901.01(B) is a legal determination based solely on the elements of the prior conviction.[7]

c.      Evidence that Prior Conviction Was for Violent Offense

¶16      Nonetheless, the state argues that the trial court was entitled to consider documents related to Joyner's prior convictions without subjecting Joyner to "'what amounts to a second trial' on a prior conviction . . . because the relevant evidence is already in the record." None of the Arizona cases construing §§ 13-604 or 13-703 has addressed whether documents associated with a plea of guilty may be used to delimit the nature of a prior conviction when, as here, an offense has been broadly defined by statute. But some have addressed whether a court may rely on charging documents or jury instructions that narrow the elements of an offense in such a way that, even if the statutory definition is broad, a court can still be certain that the fact of conviction necessarily established every element required to prove the sentencing factor. In *State v. Thompson*, 186 Ariz. 529, 531-32, 924 P.2d 1048, 1050-51 (App. 1996), for example, Division One distinguished the underlying facts of the prior *crime* from evidence of the prior *conviction*: "It is one thing . . . to preclude the State from 'bring[ing] in the victim of the prior crime, long after its commission,' to establish the nature of the prior crime. It is another to preclude the State from introducing documentary evidence defining the nature of the prior conviction." *Id.,*

---

[7]In light of this holding, we do not address Joyner's alternative argument that he is entitled to a jury trial on the question.

12

*quoting Schaaf*, 169 Ariz. at 334, 819 P.2d at 920 (*distinguishing Gillies*, 135 Ariz. at 511, 662 P.2d at 1018) (alteration in *Thompson*).

¶17 Most recently, our supreme court addressed limitations on evidence a court may consider to determine whether a prior conviction in another jurisdiction involves "'an offense which if committed within this state would be punishable as a felony'" for purposes of sentence enhancement pursuant to § 13-604(N) and (W). *Crawford*, 214 Ariz. 129, ¶ 1, 149 P.3d at 754, *quoting* § 13-604(N). This determination requires comparison of the statutory definitions and a "'strict conformity between the elements of the [foreign] felony and the elements of some Arizona felony.'" *Id.* ¶ 7, *quoting State v. Clough*, 171 Ariz. 217, 219, 829 P.2d 1263, 1265 (App. 1992).

¶18 In *Crawford*, the state relied on *Thompson* in arguing that the trial court could have considered Crawford's federal indictment for possessing a credit card stolen from the United States mail to establish conduct punishable as a felony in Arizona. 214 Ariz. 129, ¶¶ 4, 10, 149 P.3d at 755-56. *Thompson* had held that a charging document, when incorporated in a judgment of conviction, may be used to "establish[] that the defendant was convicted under a particular subsection of a foreign statute, if that subsection encompasses only conduct that would constitute a felony in Arizona." 186 Ariz. at 531-32, 924 P.2d at 1050-51 (also construing § 13-604(N)).

¶19 The supreme court emphasized the general rule that a sentencing court must focus "solely on the elements of the foreign statute," *Crawford*, 214 Ariz. 129, ¶ 9, 149 P.3d

at 756, and the limited nature of *Thompson*'s exception, stating: "*Thompson* allows use of a charging document 'only to narrow the [prior] conviction to a particular subsection of the statute that served as the basis of the [prior] conviction' and not to establish 'the factual nature of the prior conviction.'" *Crawford*, 214 Ariz. 129, ¶ 11, 149 P.3d at 756, *quoting Roque*, 213 Ariz. 193, ¶ 88, 141 P.3d at 392. Because the federal statute at issue in *Crawford* contained no subsections, the court held *Thompson* was inapplicable. *Crawford*, 214 Ariz. 129, ¶ 11, 149 P.3d at 756.

¶20 The court in *Crawford* noted that the "cases interpreting § 13-604 are consistent with our case law involving the use of foreign convictions in capital sentencing." *Id.* ¶ 8, *citing Roque*, 213 Ariz. 193, ¶¶ 82-88, 141 P.3d at 391-92 (California robbery was "serious offense" under § 13-703(F)(2)); *State v. Henry*, 176 Ariz. 569, 587, 863 P.2d 861, 879 (1993) (California involuntary manslaughter not crime of violence under former § 13-703(F)(2)); *State v. Schaaf*, 169 Ariz. 323, 334, 819 P.2d 909, 920 (1991) (Nevada attempted murder not violent crime under former § 13-703(F)(2)). These cases, like *Crawford*, considered only the statutory definition of the foreign offense of conviction to determine the applicability of an Arizona sentencing factor.

¶21 In contrast, some capital cases addressing whether a defendant had prior Arizona convictions for crimes involving violence, an aggravating factor under former § 13-703(F)(2), suggest that jury instructions and forms of verdict may be considered—not as extrinsic evidence of the facts underlying the conviction, but as intrinsic evidence of what

14

the jury necessarily decided by its verdict. For example, in *State v. Walden*, 183 Ariz. 595, 617-18, 905 P.2d 974, 996-97 (1995), the court acknowledged that Arizona's statutory definitions of sexual assault and kidnapping did not necessarily establish crimes of violence because both can be committed using deceit rather than force. *Id., citing holdings in State v. Bible*, 175 Ariz. 549, 604, 858 P.2d 1152, 1207 (1993). But the court nonetheless found Walden's *Hannah*[8] prior convictions were violent crimes under former § 13-703(F)(2) based on limiting jury instructions that had defined the lack of consent element for sexual assault to mean "'the victim was coerced by the immediate or threatened use of force against a person or property'" and the restraint element for kidnapping to "require[] a finding that the victim's movements were restricted 'by physical force or intimidation.'" 183 Ariz. at 617, 905 P.2d at 996. According to the supreme court, these jury instructions effectively refined the statutory definitions, so "these prior convictions necessarily involved the use or threat of violence." *Id*. at 618, 905 P.2d at 997.

**¶22**        In *State v. McKinney*, 185 Ariz. 567, 582-83, 917 P.2d 1214, 1229-30 (1996), the court cited *Walden*, noting that although the defendant's "prior conviction [for second-degree murder] was for a crime that, on the face of the statute, might have been committed recklessly" and so could not be used as an aggravating factor under former § 13-703(F)(2), the jury instructions or forms of verdict might have been used to "narrow the . . . charge"

---

[8] *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980).

15

found in the statutory definition, 185 Ariz. at 583, 917 P.2d at 1230. As the court explained:

> [Defendant]'s prior conviction is not disqualified merely because the statutory definition of the crime permits it to be committed with a reckless mental state. It is disqualified because the instructions and the non-specific form of verdict . . . did not narrow the mental state of the charge . . . . Had [defendant]'s instructions or form of verdict specified that the mental state for his second degree murder conviction was based on either an intentional or knowing mens rea, the conviction would have qualified, regardless of the fact that the crime's statutory definition allows for conviction under a lesser mental state.

*Id.; see also State v. Schackart*, 190 Ariz. 238, 247, 947 P.2d 315, 324 (1997) (implying trial court might have relied on jury instructions used in obtaining prior conviction to determine violence factor under former § 13-703(F)(2); supreme court would not consider evidence because presented for first time on appeal).[9]

¶23        Federal courts have faced similar evidentiary issues when required to determine whether a defendant's prior state conviction warrants sentence enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See, e.g., Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990). Like Arizona, federal courts do not permit review of the

---

[9]*Schackart*; *State v. McKinney*, 185 Ariz. 567, 917 P.2d 1214 (1996); and *State v. Walden*, 183 Ariz. 595, 905 P.2d 974 (1995), provide some of our supreme court's more recent statements about how a court may determine whether a conviction qualifies as an aggravating factor under former § 13-703(F)(2). Section 13-703(F)(2) was amended in 1993 to substitute "serious offense, whether preparatory or completed," defined to include specific offenses, for "felony in the United States involving the use or threat of violence on another person." 1993 Ariz. Sess. Laws, ch. 153, § 1.

underlying facts to determine the nature of a prior conviction and have held that the federal enhancement statute "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Id*. at 602, 1105 S. Ct. at 2160. However, just as *McKinney* and *Walden* suggest that, in Arizona, jury instructions might be considered to narrow the elements of a prior conviction, the Supreme Court held in *Taylor* that a federal sentencing court may "go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements" necessary for the enhancement factor. 495 U.S. at 602, 110 S. Ct. at 2160. Thus, to establish a prior conviction for burglary of a building in a state having a burglary statute with broader application, the Court held, "if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement." *Id*.

¶24        Relevant to our discussion in this case, the Supreme Court has recently clarified this analysis of federal law and has extended its application to prior state convictions arising out of bench trials and guilty pleas. *Shepard v. United States*, 544 U.S. 13, 16, 19-21, 125 S. Ct. 1254, 1257, 1259-60 (2005). First rejecting the government's argument that a court should be permitted to review police reports and complaint applications to determine the nature of a prior conviction, the Court reaffirmed its decision in *Taylor* and held a federal sentencing court may rely only on "conclusive records made

17

or used in adjudicating guilt." *Id.* at 21-24, 1255 S. Ct. at 1260-62. Such records may include charging documents and jury instructions, as set forth in *Taylor*, and as

> analogs to jury instructions[,] . . . a bench-trial judge's formal rulings of law and findings of fact, and in pleaded cases[,] . . . the statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea.

*Id.* at 20, 125 S. Ct. at 1259-60 (citation omitted). The Court reasoned that by reviewing these record documents, a court may be able to determine "whether the plea had 'necessarily' rested on" the elements required for enhancement. *Id.* at 21, 125 S. Ct. at 1260, *quoting Taylor*, 495 U.S. at 602, 110 S. Ct. at 2160.

¶25 We conclude the reasoning of the Supreme Court in *Shepard* may be applicable to cases involving prior Arizona convictions. Although its adoption would be an extension of current Arizona law, it is consistent with *McKinney* and *Walden* and the underlying rule for determining the nature of prior Arizona convictions: Recognizing that "[e]vidence of a prior conviction is reliable, the defendant having had his trial and exercised his full panoply of rights which accompany his conviction," *Gillies*, 135 Ariz. at 511, 662 P.2d at 1018, a court may "consider only evidence of the conviction," *State v. Hinchey*, 165 Ariz. 432, 437, 799 P.2d 352, 357 (1990), and "cannot look behind the [prior] conviction to determine the true facts of the case," *McKinney*, 185 Ariz. at 581, 917 P.2d at 1228. *Cf. Redeker v. Eighth Judicial Dist. Court*, 127 P.3d 520, 525-26 (Nev. 2006) (adopting *Shepard* for Nevada determination of existence of prior conviction "of a felony 'involving

the use or threat of violence to the person of another'"; finding "the approach in *Taylor* and *Shepard* answers the concerns about due process . . . identified by the Arizona Supreme Court [in *Gillies*], as well as the practical difficulties and potential unfairness of a factual approach"), *quoting* Nev. Rev. Stat. 200.033(2)(b).

¶26 We need not decide this issue today, however. Even if *Walden*'s rule permitting consideration of jury instructions to narrow a statutory definition were clearly applicable to a determination of whether prior convictions were for violent crimes under §§ 13-901.01 and 13-604.04, and even if that rule were extended to allow similar review, in determining the existence of prior convictions resulting from bench trials or pleas of guilty, of only those "conclusive records made or used in adjudicating guilt," *Shepard*, 544 U.S. at 21, 125 S. Ct. at 1260, none of the documents suggested by the state meet that standard.

¶27 First, the charging documents that led to Joyner's prior convictions, although referring to the use of a gun, are not reliable evidence of the elements established by his convictions because they were not incorporated by reference in the judgments of conviction. *Cf. Thompson*, 186 Ariz. at 532, 924 P.2d at 1051. Indeed, as reflected in Joyner's plea agreements and judgments for both cases, his prior convictions were for "nondangerous" offenses, and Joyner's plea agreements "serve[d] to amend" the charging documents to conform to his guilty pleas. *See State v. Wilson*, 126 Ariz. 348, 351-52, 615 P.2d 645, 648-

19

49 (App. 1980). As a result, the charging documents are not reliable evidence of the elements of Joyner's convictions.[10]

¶28 The other documentary evidence suggested by the state, including the release papers and presentence reports prepared for Joyner's prior convictions, although suggestive of the facts underlying his prior crimes, do not prove what statutory elements were established by the judgments of conviction. Nor is the sentencing court's direction in the armed robbery sentencing minute entry that Joyner "forfeit the firearm related to this cause" the kind of conclusive record that would reliably narrow the basis for Joyner's armed robbery conviction. In addition, transcripts of Joyner's plea colloquys for the prior convictions were not provided to the trial court and are not included in the record on appeal.

¶29 Thus, the state failed to establish that Joyner has a prior conviction for a violent crime under § 13-901.01(B). Accordingly, Joyner was entitled to suspension of the imposition of sentence and placement on mandatory probation for his possession offenses.[11]

---

[10]The title of Joyner's armed robbery information stated that the offense was a dangerous felony, but the information did not include allegations of dangerousness pursuant to § 13-604. If the dangerous nature of the armed robbery had been properly alleged and proved and ultimately incorporated in the judgment of conviction for that offense, the court could have relied on the judgment because, "[a]lthough 'dangerous' and 'violent' are separate concepts, they share a similar definition." *State v. Benak*, 199 Ariz. 333, ¶ 7, 18 P.3d 127, 129 (App. 2001) (construing § 13-604.04). Joyner's armed robbery plea agreement expressly provided that any allegation of dangerousness was "dismissed or, if not yet filed, shall not be brought."

[11]We reject the state's suggestion that, under A.R.S. § 13-702(C)(11), "a court may take into account all the defendant's criminal activity and history in determining sentences, even if the defendant has not been convicted or charged for that conduct." The trial court

*See* § 13-901.01(A). Because this provision is mandatory, Joyner's prison sentences are illegal, *see State v. Carbajal*, 184 Ariz. 117, 118, 907 P.2d 503, 504 (App. 1995), and therefore, the error is fundamental, *see State v. Thues*, 203 Ariz. 339, ¶ 4, 54 P.3d 368, 369 (App. 2002).

d.      Prejudice

**¶30**      The state asserts Joyner cannot establish the prejudice required by *State v. Henderson*, 210 Ariz. 561, ¶ 20, 115 P.3d 601, 607 (2005), because he cannot "show that he, in particular, did not use a gun" during the armed robbery and attempted armed robbery he committed in 2000. We read *Henderson* differently.

**¶31**      To establish that a fundamental error is also prejudicial, a defendant must show that, but for the error, a reasonable fact-finder "could have reached a different result." *Id.* ¶ 27. In this case, the state bore the burden of proving both the existence of a prior conviction and its violent nature. *See Foster v. Irwin*, 196 Ariz. 230, ¶ 8, 995 P.2d 272, 275 (2000) ("The state did not brief or argue . . . whether Foster's conviction for evading police was a violent crime. Thus, his only prior felony conviction does not remove Foster from the mandatory probation requirement of § 13-901.01."); *cf. State v. Rodriguez*, 200 Ariz. 105, ¶ 5, 23 P.3d 100, 101 (App. 2001) ("agree[ing] with the state's concession of error" that

---

did not aggravate Joyner's sentences pursuant to § 13-702. To find a defendant ineligible for mandatory probation under § 13-901.01(B), a court must find the defendant has a prior conviction or is currently under indictment for a violent crime as defined in § 13-604.04. *State v. Gomez*, 212 Ariz. 55, ¶ 29, 127 P.3d 873, 878 (2006).

evidence of prior convictions for drug offenses was insufficient). *Henderson* does not shift this burden or require Joyner to disprove what the state failed to prove. *Cf. State v. Morales*, No. CR-06-0374-PR, ¶ 12, 2007 WL 1345384 at *3 (Ariz. May 8, 2007) (stipulation of prior convictions entered without voluntariness determination fundamental error; defendant not required to show absence of prior convictions to establish prejudice because such requirement would relieve state of burden of proof).

¶32     On this record, the trial court erred by finding that Joyner had a prior conviction for a violent crime. But for this error, Joyner would have been placed on probation for the possession convictions. Instead, he was sentenced to an eight-year prison term and two, concurrent, 3.75-year prison terms. Joyner has shown prejudice.

### Reliance on Prior Convictions for Enhanced Sentence

¶33     Joyner also argues that none of his convictions should have resulted in enhanced prison terms because neither the judge nor the jury expressly found that his prior convictions constitute historical prior felony convictions under former A.R.S. § 13-604(V)(2), now (W)(2). *See* 2003 Ariz. Sess. Laws, ch. 11, § 1; 2005 Ariz. Sess. Laws, ch. 188, § 1. We find no prejudicial error in the trial court's reliance on Joyner's prior convictions to enhance his sentence for resisting arrest. Although Joyner is correct that the verdict forms for the prior convictions did not include the offense dates, the verdicts specifically identified the county in which the convictions were entered and the cause number of each conviction. Certified copies of the conviction records for those cause

22

numbers were admitted into evidence and established that Joyner's prior offenses were committed in 2000 and led to two convictions, one for armed robbery, a class two felony, and another for attempted armed robbery, a class three felony. Joyner never challenged the admission or veracity of these documents. We disagree with Joyner's assertion that the jury was required to expressly find the prior convictions constituted historical prior felony convictions under § 13-604(W)(2). As Joyner notes, § 13-604(P) provides that only a trial court may find that prior convictions constitute historical prior felony convictions. That determination requires the court to apply the statutory provisions to the facts of the prior convictions. Joyner's prior convictions unequivocally fall within the provisions of § 13-604(W)(2)(b). Joyner was therefore correctly sentenced on his conviction for resisting arrest pursuant to § 13-604(C). We find no fundamental error in this sentence.

**Conclusion**

¶34 For the reasons stated, we affirm Joyner's convictions and his sentence for resisting arrest, but vacate his sentences for possession of a narcotic drug, possession of marijuana, and possession of drug paraphernalia and remand the case to the trial court for resentencing on those convictions.

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:

23

_____
JOHN PELANDER, Chief Judge

_____
JOSEPH W. HOWARD, Presiding Judge