64 P.3d 206

**Josue MONTERO, Petitioner,**

v.

**The Honorable John FOREMAN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 02–0337.**

Court of Appeals of Arizona,
Division 1, Department E.

Feb. 27, 2003.

Review Denied May 28, 2003.

Susan Sherwin, Office of the Legal Advocate, by Raquel Centeno–Fequiere, Deputy Legal Advocate, Phoenix, Attorneys for Petitioner.

Richard M. Romley, Maricopa County Attorney, by Colleen L. French, Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

SNOW, Judge.

¶ 1 Petitioner Josue Montero seeks special action relief from the Maricopa County Superior Court's determination that he is not probation eligible under Arizona Revised Statutes ("A.R.S.") section 13–901.01. For the following reasons, we accept jurisdiction of the special action but deny relief..

### FACTS AND PROCEDURAL HISTORY

¶ 2 On July 3, 2001, Montero pled guilty to disorderly conduct, a class 6 designated felony, with the agreement that the State dismiss the "dangerous" designation that it had alleged with the crime.[1] On the same date, Montero also pled guilty to possession of drug paraphernalia, a class 6 undesignated felony. The imposition of sentences was suspended in favor of concurrent terms of probation on both charges.

¶ 3 On September 20, 2002, the State charged Montero with possession of dangerous drugs, a class 4 felony, and theft, a class 6 felony. The State also alleged that Montero was not eligible for mandatory probation on the drug possession charge pursuant to A.R.S. § 13–901.01 because his previous disorderly conduct conviction qualified as a "violent crime." [2]

---

1. Pursuant to A.R.S. § 13–604(P) (2001), the State alleged that the disorderly conduct charge was "a dangerous felony offense that involves the discharge, use, or threatening exhibition of a deadly weapon or dangerous instrument, to wit: a Ruger automatic handgun and involves the

intentional or knowing infliction of serious physical injury upon [the victim]."

2. In pertinent part, A.R.S. § 13–901.01 reads:
   B. Any person who has been convicted of or indicted for a violent crime as defined in sec-

¶ 4 The State offered Montero a plea agreement in which Montero was required to plead guilty to both possession of dangerous drugs and theft and avow that he was ineligible for probation under Proposition 200 due to his prior disorderly conduct conviction. In exchange, the State offered to dismiss the remaining alleged historical prior felony conviction (possession of drug paraphernalia). This plea offer expired on November 6, 2002.[3]

¶ 5 On November 19, 2002, Montero filed a Supplemental Motion to Determine Defendant's Proposition 200 Eligibility. The trial court determined that Montero was not probation eligible under A.R.S. § 13-901.01 for the drug possession charge because Montero's prior disorderly conduct conviction constituted a "violent crime." The trial court noted, however, that this "is an issue of potentially statewide importance that has not been previously resolved by the appellate courts," and stayed further proceedings pending the outcome of Montero's petition for special action.

¶ 6 Montero filed this petition for special action, asserting that the trial court had abused its discretion in finding that he was not Proposition 200 eligible and asking this Court to vacate the court's eligibility determination and remand this matter for further proceedings.

## JURISDICTION

¶ 7 Special action jurisdiction in this case is proper because Montero is precluded from challenging on appeal any plea agreement that he enters. A.R.S. § 13-4033(B) (2001); *State v. Jimenez*, 188 Ariz. 342, 344, 935 P.2d 920, 922 (App.1996). We have jurisdiction when a petitioner has "no equally plain, speedy or adequate remedy by appeal." Ariz. R.P. Spec. Act. 1 (2001); *see Bechtel v.*

*Rose*, 150 Ariz. 68, 71, 722 P.2d 236, 239 (1986) ("The guiding principle [of special action jurisdiction is] ... our obligation to see that essential justice is done."). In addition, Montero presents a question that is one of statewide importance, *Duquette v. Superior Court*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989), and requires statutory interpretation. *Escalanti v. Superior Court*, 165 Ariz. 385, 386, 799 P.2d 5, 6 (App.1990).

## DISCUSSION

¶ 8 In 1996, the legislature enacted A.R.S. § 13-901.01 "to implement 'Proposition 200,' an initiative calling for treatment rather than incarceration for those convicted of possessing dangerous drugs for personal use who do not have prior convictions for violent crimes." *State v. Benak*, 199 Ariz. 333, 334-35, ¶ 6, 18 P.3d 127, 128-29 (App.2001);[4] see also A.R.S. § 13-901.01. In this case, Montero asserts that the trial court abused its discretion in finding that he is Proposition 200 ineligible because the State failed to allege and prove that his 2001 disorderly conduct offense was a "violent crime" and because the State dismissed its "dangerousness" allegation when Montero pled guilty to the disorderly conduct charge. Thus, Montero argues the State cannot assert that his indictment and conviction for disorderly conduct constituted a prior "violent crime."

¶ 9 Whether Montero is Proposition 200 eligible under A.R.S. § 13-901.01 is a question of statutory interpretation that we review de novo. *Benak*, 199 Ariz. at 335, ¶ 9, 18 P.3d at 129.

## A. The State Did Not Have To Prove That Montero's Disorderly Conduct Conviction Was A Violent Crime At The Time It Was Charged.

¶ 10 Montero argues that the State cannot now allege that his disorderly conduct

---

tion 13-604.04 is not eligible for probation as provided for in this section but instead shall be sentenced pursuant to chapter 34 of this title.

3. Although the plea offer expired and the dispute is arguably moot, we consider this petition for special action because the facts are likely to recur. *See Hamilton v. State*, 186 Ariz. 590, 594, 925 P.2d 731, 735 (App.1996) (quoting *State v. Rodriguez*, 153 Ariz. 182, 183-84, 735 P.2d 792, 793-94 (1987)) (although moot, "we nevertheless address the merits of the ... claims because 'the

public interest would be served by deciding the questions presented.' ").

4. "Violent crime," as used in Proposition 200 related cases, is defined in A.R.S. § 13-604.04(B)(2001), which states:

B. For the purpose of this section, "violent crime" includes any criminal act that results in death or physical injury or any criminal use of a deadly weapon or dangerous instrument.

conviction was a "violent crime" because the State failed to give him notice that the type of disorderly conduct with which he was charged would be considered a "violent crime" sufficient to disqualify him from probation on any future drug charge. However, prior to accepting a plea, the State need only inform a defendant of "the 'immediate' consequences of his plea." *State v. Hatch,* 156 Ariz. 597, 599, 754 P.2d 324, 326 (App.1988) (holding that prior convictions can be used to enhance a sentence despite failure to inform defendant of this consequence at time of prior convictions); Ariz. R.Crim. P. 17.2.[5]

¶ 11 "[F]undamental fairness and due process require that allegations that would enhance a sentence be made before trial so that the defendant can evaluate his options." *Benak,* 199 Ariz. at 336–37, ¶ 14, 18 P.3d at 130–31. However, the State is only required to allege the existence of the "violent crime" before the case in which the State alleges a defendant is ineligible for probation under A.R.S. § 13–901.01. *Id.* As to Montero's prior disorderly conduct conviction, the possibility of probation disqualification was not a factor in that case or a consequence of Montero's plea. Disqualification could only occur if Montero committed another drug possession related crime. Accordingly, the State did not have to give Montero notice that disorderly conduct was a "violent crime" prior to accepting his plea to that charge.

### B. A Crime Can Be "Violent" Pursuant To A.R.S. § 13–604.04 Without Being "Dangerous" Pursuant To A.R.S. § 13–604(P).

¶ 12 Montero asserted that his disorderly conduct conviction cannot be a "violent crime" when the "dangerous" designation was dropped pursuant to his previous plea agreement. But even though the definitions of these two terms are similar, "dangerous" and "violent" are different concepts. *Benak,* 199 Ariz. at 335, ¶ 7, 18 P.3d at 129. State statutes provide enhanced criminal sentences for the crime charged if the crime was committed in a "dangerous manner." See, A.R.S. § 13–604(P). Proposition 200 disqualifies a defendant from being probation eligible for a drug offense if the defendant has a prior criminal conviction for any crime defined as "violent." See, A.R.S. § 13–604.04. In Montero's prior disorderly conduct case, as part of a negotiated plea agreement, the State dismissed its allegation of "dangerousness," thus removing the possibility of an enhanced sentence on that charge. But the State made no representation that the offense would not be considered "violent" for purposes of disqualifying Montero from probation should he be charged with further crimes.

¶ 13 This Court recently held that the trial court can determine, as a matter of law, whether a defendant has a prior conviction for a violent crime by looking at the statutory definition of the prior offense. *Cherry v. Araneta,* 203 Ariz. 532, 535, ¶ 14, 57 P.3d 391, 394 (App.2002). Montero was convicted of disorderly conduct in violation of A.R.S. § 13–2904(A)(6), which provides:

> A. A person commits disorderly conduct if, with intent to disturb the peace or quiet of a neighborhood, family or person, or with knowledge of doing so, such person:
>
> . . . .
>
> c. The constitutional rights which the defendant foregoes by pleading guilty or no contest, including his or her right to counsel if he or she is not represented by counsel;
> d. The right to plead not guilty; and
> e. That by pleading guilty or no contest in a noncapital case the defendant will waive the right to have the appellate courts review the proceedings by way of direct appeal, and may seek review only by filing a petition for post-conviction relief pursuant to Rule 32 and, if denied, a petition for review.

---

5. Rule 17.2 states:

Before accepting a plea of guilty or no contest, the court shall address the defendant personally in open court, informing him or her of and determining that he or she understands the following:

a. The nature of the charge to which the plea is offered;

b. The nature and range of possible sentence for the offense to which the plea is offered, including any special conditions regarding sentence, parole, or commutation, imposed by statute;

6. Recklessly handles, displays or discharges a deadly weapon or dangerous instrument.

Hence, Montero's prior disorderly conduct conviction was for "[r]ecklessly handl[ing], display[ing], or discharg[ing] a deadly weapon or instrument." Such conduct necessarily involves the "criminal use of a deadly weapon or dangerous instrument." Thus, it falls within Proposition 200's definition of "violent crime." A.R.S. § 13–604.04. Accordingly, the fact that the State did not elect to seek an enhanced sentence for Montero's disorderly conduct conviction based on its "dangerousness" does not mean that the crime was not a "violent crime" so as to disqualify him from probation should he commit additional drug possession offenses.

## CONCLUSION

¶ 14 We accept jurisdiction over this petition for special action because the question is one of statewide importance and Montero will not have an adequate remedy on appeal if he pleads guilty. We deny relief on the merits, however, because the trial court was correct in ruling that Montero is Proposition 200 ineligible.

CONCURRING: JON W. THOMPSON, Judge, and JOHN C. GEMMILL, Judge.