FILED
United States Court of Appeals
Tenth Circuit

**March 7, 2012**

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANTONIO-AGUSTA, also
known as Ricardo Jose Artiaga,

Defendant - Appellant.

No. 11-1008

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 1:10-CR-00297-MSK-1)**

---

Howard A. Pincus, Assistant Federal Public Defender (Raymond P. Moore,
Federal Public Defender, with him on the briefs), Denver, Colorado, for
Defendant-Appellant.

Ryan T. Bergsieker, Assistant United States Attorney (John F. Walsh, United
States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

---

Before **MURPHY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I. Introduction

Jose Antonio-Agusta appeals the district court's application of U.S.S.G. § 2L1.2(b)(1)(A)(ii)'s sixteen-level sentence enhancement in calculating his advisory Guidelines range.[1]  He argues the district court erred in relying on the indictment underlying his prior Arizona convictions to conclude those convictions constitute felony crimes of violence, warranting the enhancement.  The district court did not err, however, because the indictment was incorporated by reference in the judgment and is therefore reliable evidence of the elements of Antonio-Agusta's prior convictions.  Furthermore, the indictment, plea agreement, and judgment reveal Antonio-Agusta was convicted under parts of Arizona's aggravated assault statutes that constitute crimes of violence.  Accordingly, exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), this court **affirms** the sentence imposed by the district court.

## II. Background

Antonio-Agusta pleaded guilty to one count of unlawful re-entry after removal.  8 U.S.C. § 1326(a).  The Presentence Investigation Report ("PSR")

---

[1]Antonio-Agusta also appealed the district court's denial of his request for a variance based on an assertedly unwarranted disparity in the sentences of similarly situated defendants in fast-track and non-fast-track districts.  At oral argument, however, Antonio-Agusta conceded we must reject his argument because he failed to provide any evidence "a defendant charged with the same crime in a fast-track district would qualify for fast-track programs." *United States v. Lopez-Macias*, 661 F.3d 485, 494 (10th Cir. 2011).  Antonio-Agusta preserves this issue solely for review by the en banc court or the United States Supreme Court.

treated Antonio-Agusta's prior Arizona convictions for aggravated assault as felony crimes of violence and applied a sixteen-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[2]  In so doing, the PSR relied on the indictment underlying Antonio-Agusta's Arizona convictions, which revealed he used a dangerous weapon, i.e., a knife, in connection with those convictions.

At sentencing, the district court also relied on the indictment in concluding that Antonio-Agusta's Arizona convictions constituted felony crimes of violence, warranting the sentence enhancement.  With the enhancement, the advisory guidelines range was fifty-one to seventy-one months.  The district court varied downward and sentenced Antonio-Agusta to forty-six months' imprisonment.

The Arizona indictment charged Antonio-Agusta with three counts of felony aggravated assault.  Each of the counts was identical, except for the name of the victim:

> [Jose Antonio-Agusta], on or about the 7th day of June, 2006, using a knife, a deadly weapon or dangerous instrument, intentionally placed [victim] in reasonable apprehension of imminent physical injury, in violation of A.R.S. §§ 13-1203, 13-1204, 13-701, 13-702, 13-702.01, and 13-1801.

> The State of Arizona further alleges that the offense charged in this count is a dangerous felony because the offense involved the

---

[2]Antonio-Agusta was sentenced pursuant to the 2010 version of the Sentencing Guidelines.  All further references to the Guidelines are to the 2010 version.

discharge, use, or threatening exhibition of a knife, a deadly weapon or dangerous instrument and/or the intentional or knowing infliction of serious physical injury upon [victim], in violation of A.R.S. § 13-604(P).

Antonio-Agusta pleaded guilty to an amended version of these three counts. The plea agreement sets out the manner in which the counts were amended: "The State agrees to dismiss the allegation of dangerousness," in exchange for Antonio-Agusta pleading guilty to "Counts 1-3, as amended, Aggravated Assault, Class 3 nondangerous felonies, in violation of A.R.S. §§ 13-1203, 13-1204, 13-701, 13-702.01, and 13-801." The plea agreement also states it "serves to amend the complaint or information, to charge the offense to which the defendant pleads, without the filing of any additional pleading." Finally, the judgment states Antonio-Agusta is guilty of:

> OFFENSE: Counts 1, 2, and 3 Amended Aggravated Assault
> Class 3 felonies.
> A.R.S. [§]§ 13-1203, 1204, 701, 702, 702.01, 801
> Date of Offense: 06/07/2006
> Non Dangerous - Non Repetitive

## III. Discussion

This court reviews de novo a district court's interpretation of the Guidelines and its determination that a prior conviction is a crime of violence. *United States v. Perez-Vargas*, 414 F.3d 1282, 1284 (10th Cir. 2005).[3]

---

[3]The Government incorrectly asserts the abuse-of-discretion standard of review applies in this case. This court reviews sentences for reasonableness under an abuse-of-discretion standard. *United States v. Martinez*, 610 F.3d 1216,

(continued...)

-4-

U.S.S.G. § 2L1.2(b)(1)(A)(ii) requires the sentencing court to add sixteen levels to a defendant's offense level if the defendant was previously removed following a conviction for a felony that is a crime of violence. A crime of violence includes an "aggravated assault" and "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, app. n.1(B)(iii).[4]

In determining whether a prior conviction is a crime of violence, courts employ a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Perez-Vargas*, 414 F.3d at 1284 (quotation omitted). If the statute is ambiguous, however, "or broad enough to encompass both violent and nonviolent crimes, a court can look beyond the statute to certain records of the prior proceeding, such as the charging documents, the judgment," and "the terms of a plea agreement or transcript of colloquy between judge and defendant." *Id.* (quotations omitted). This approach is commonly referred to as the modified categorical approach.

---

[3](...continued)
1223 (10th Cir. 2010). We have made clear, however, that "we review the district court's legal conclusions regarding the Guidelines de novo." *Id.* (quotation omitted).

[4]"Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Torres-Ruiz*, 387 F.3d 1179, 1181 (10th Cir. 2004) (quotation omitted).

*United States v. Zuniga-Soto*, 527 F.3d 1110, 1119-20 (10th Cir. 2008). By reviewing the documents underlying a prior conviction, the sentencing court can determine whether the defendant was necessarily convicted of an offense that warrants a sentence enhancement. *Shepard v. United States*, 544 U.S. 13, 26 (2005). The parties agree a conviction under the Arizona aggravated assault statutes is not categorically a crime of violence and the modified categorical approach applies.

Using the modified categorical approach, the district court reviewed the indictment, plea agreement, and judgment underlying Antonio-Agusta's Arizona convictions and concluded the convictions qualified as crimes of violence. The first paragraph of each of the counts in the indictment charged that Antonio-Agusta "using a knife, a deadly weapon or dangerous instrument, intentionally placed [victim] in reasonable apprehension of imminent physical injury, in violation of A.R.S. §§ 13-1203, 13-1204, 13-701, 13-702, 13-702.01, and 13-1801." Relying on this language, the district court determined Antonio-Agusta was convicted under the following parts of Arizona's aggravated assault statutes: "A person commits aggravated assault if the person commits assault as defined in section 13-203 . . . us[ing] a deadly weapon or dangerous instrument," Ariz. Rev. Stat. Ann. § 13-1204(A)(2); and "A person commits assault by . . . [i]ntentionally placing another person in reasonable apprehension of imminent physical injury."

Ariz. Rev. Stat. Ann. § 13-1203(A)(2).[5]  The court concluded these provisions

correspond with the generic definition of "aggravated assault" and also constitute

an "offense under federal, state, or local law that has as an element the use,

attempted use, or threatened use of physical force against the person of another."

U.S.S.G. § 2L1.2, app. n.1(B)(iii).  Thus, the court applied the sixteen-level

sentence enhancement for a crime of violence under U.S.S.G.

§ 2L1.2(b)(1)(A)(ii).

Antonio-Agusta does not dispute the indictment underlying his prior

convictions reveals he was charged with three offenses that qualify as crimes of

violence.  Instead, he argues the district court erred by relying on the indictment

to reach its conclusion because Arizona law makes clear the indictment is not

reliable evidence of the elements of his prior convictions.  In particular, he argues

the indictment was not incorporated by reference in the judgment.  He further

argues the plea agreement and judgment amended the indictment, making it

unclear whether he was convicted under parts of Arizona's aggravated assault

statutes that constitute crimes of violence.

## A.     Whether the Indictment was Incorporated by Reference in the Judgment

Under Arizona law, a charging document is reliable evidence of the

elements of a prior conviction only if it is incorporated by reference in the

---

[5]We refer to these parts of the Arizona Revised Statutes as they existed in June 2006 when Antonio-Agusta committed his offenses.

judgment. *State v. Joyner*, 158 P.3d 263, 272 (Ariz. Ct. App. 2007); *State v. Thompson*, 924 P.2d 1048, 1051 (Ariz. Ct. App. 1996).[6] In *Thompson* the Arizona Court of Appeals held a judgment specifying "that the conviction was pursuant to Count I of the Information . . . effectively incorporated Count I of the charging document by reference." 924 P.2d at 1051. Thus, the sentencing court properly considered both the information and the judgment in determining whether the defendant's prior conviction constituted a felony for purposes of an Arizona sentence enhancement provision. *Id.* A judgment that did not "refer to the charging document in any respect," however, did not incorporate the charging document by reference, and the charging document could not be relied upon to determine the nature of the defendant's prior conviction. *Id.* An Arizona charging document is only reliable evidence of the elements of a prior conviction if it is incorporated by reference in the judgment because, under Arizona law, "initial charges can be amended at trial or in change of plea proceedings." *Id.* at 1051-52 (citing Ariz. R. Crim. P. 13.5(b)).

The judgment underlying Antonio-Agusta's Arizona convictions states he was convicted of "Counts 1, 2, and 3 Amended Aggravated Assault." While the judgment describes Counts 1, 2 and 3 as aggravated assaults it does not set forth

---

[6]The government does not dispute Antonio-Agusta's position that we are bound by Arizona law in this regard. As a consequence, we apply Arizona law here without deciding whether it is binding on this court, noting, however, that the application of the modified categorical approach is generally a matter of federal, not state, law.

the counts themselves or otherwise indicate their elements. Thus, the judgment must refer to another document that sets forth the counts in their entirety, like a charging document. In this case, the only documents in the record that do so are the complaint, dated June 12, 2006, and the indictment, dated June 16, 2006, which are identical in all relevant respects. Thus, the indictment superceded the complaint as the charging document and the judgment must refer to the indictment. *See State v. Bojorquez*, 535 P.2d 6, 10 (Ariz. 1975) ("An intervening indictment arising from the same activity may supercede the filing of a prior complaint."). Indeed, the indictment sets forth three counts of aggravated assault and therefore corresponds with the truncated description of the offense provided in the judgment. Aside from not actually using the words "the indictment," the language of the judgment in this case is otherwise similar to the language of the judgment in *Thompson*, where the charging document was incorporated by reference. 924 P.2d at 1051.

The judgment also states, "Counts 1, 2, and 3 *Amended*," indicating the counts were amended, but does not explain how. Thus, the judgment must also refer to something that reveals how the counts were amended. In this case, that must be the plea agreement because nothing else in the record sets forth the manner in which the counts were amended. Further, Antonio-Agusta makes no argument that the indictment was amended by anything other than the plea agreement. By referring to the indictment and plea agreement, the judgment

-9-

necessarily incorporated those documents by reference. Thus, the indictment underlying Antonio-Agusta's prior convictions, as amended by the plea agreement, was incorporated by reference in the judgment.

**B.    How the Indictment was Amended by the Plea Agreement**

Antonio-Agusta argues the plea agreement underlying his prior convictions amended the indictment, making it unclear whether he was convicted under parts of Arizona's aggravated assault statutes that constitute crimes of violence. Specifically, he argues the plea agreement does not indicate the precise manner in which the counts were amended. Moreover, he argues both the plea agreement and judgment indicate it was the offenses themselves, set forth in the first paragraph of each count, that were amended. Thus, Antonio-Agusta argues it is unclear whether he pleaded guilty to the offenses as originally charged in the indictment and, therefore, the indictment is not reliable evidence of the elements of his prior convictions.

The first paragraph of each of the counts sets forth the offense with which Antonio-Agusta was charged. The second paragraph alleges the offense was committed in a dangerous manner, which would serve to enhance Antonio-Agusta's sentence under Ariz. Rev. Stat. Ann. § 13-604(P). *See Montero v. Foreman*, 64 P.3d 206, 209 (Ariz. Ct. App. 2003). The enhancement set forth in § 13-604(P) is commonly referred to as an allegation of dangerousness. *State v. Joyner*, 158 P.3d 263, 272 n.10 (Ariz. Ct. App. 2007); *Montero*, 64 P.3d at 209.

-10-

In *Montero*, the Arizona Court of Appeals held that a plea agreement that dismissed an allegation of dangerousness served merely to remove the possibility of an enhanced sentence under § 13-604(P) but did not affect the charged offense. 64 P.3d at 209-10. The defendant in *Montero* pleaded guilty to disorderly conduct "with the agreement that the State dismiss the 'dangerous' designation that it had alleged with the crime" pursuant to § 13-604(P). *Id.* at 207 & n.1. The defendant argued that because the allegation of dangerousness was dismissed pursuant to his plea agreement, his disorderly conduct conviction was not a violent crime for purposes of a different Arizona sentencing provision. *Id.* at 209. The court rejected this argument. *Id.* at 209-10. It noted that in agreeing to dismiss the allegation of dangerousness "the State made no representation that the offense would not be considered 'violent' for purposes of [the Arizona sentencing provision]." *Id.* "[T]hat the State did not elect to seek an enhanced sentence for Montero's disorderly conduct conviction based on its 'dangerousness' does not mean that the crime was not a 'violent crime.'" *Id.* at 209-10.

The plea agreement underlying Antonio-Agusta's Arizona convictions shows he pleaded guilty to "Counts 1-3 as amended." The only amendment the plea agreement makes to Counts 1, 2 and 3 is a dismissal of "the allegation of dangerousness." *Montero* makes clear this amendment served to dismiss the allegation of dangerousness set forth in the second paragraph of each count of the indictment. Neither the plea agreement nor the judgment indicate any amendment

-11-

was made to the offense set forth in the first paragraph of Counts 1, 2, or 3 of the indictment. *See id.* at 209-10. Thus, the indictment and plea agreement underlying Antonio-Agusta's Arizona convictions make clear he pleaded guilty to the charges as set forth in the indictment.

Contrary to Antonio-Agusta's assertions, the Arizona Court of Appeals's decision in *Joyner* does not cast doubt on this conclusion. The issue in *Joyner* was whether the defendant's prior convictions for armed robbery under Arizona law constituted violent felonies for purposes of the same Arizona sentencing provision at issue in *Montero*. 158 P.3d at 265-67. Under Arizona law, armed robbery could be committed with a deadly weapon or dangerous instrument or with a simulated deadly weapon. *Id.* at 266-67. If committed with a deadly weapon or dangerous instrument the prior conviction constituted a violent felony. *Id.* If committed with a simulated deadly weapon it did not. *Id.* The charging documents underlying Joyner's prior convictions indicated he used a gun, i.e., a deadly weapon. *Id.* at 267. The court held, however, that the charging documents in that case were "not reliable evidence of the elements established by his convictions because they were not incorporated by reference in the judgments of conviction." *Id.* at 272 (citing *Thompson*, 924 P.2d at 1051).

Antonio-Agusta points to the following passage from *Joyner*, claiming it supports his argument the indictment is not reliable evidence of the elements of his prior Arizona convictions:

> [A]s reflected in Joyner's plea agreements and judgements for both cases, his prior convictions were for "nondangerous" offenses, and Joyner's plea agreements "serve[d] to amend" the charging documents to conform to his guilty pleas. As a result, the charging documents are not reliable evidence of the elements of Joyner's convictions.

*Id.* at 272 (citation omitted). Antonio-Agusta argues this passage indicates that if the plea agreement and judgment provide that the offense is not dangerous, and the plea agreement served to amend the charging document, then the *offense itself*, as set forth in the charging document, may have been amended to conform to the guilty plea. *See id.* at 272. If so, Antonio-Agusta asserts, the charging document is not reliable evidence of the elements of the defendant's prior conviction. Antonio-Agusta asserts that, like in *Joyner*, the plea agreement and judgment underlying his Arizona convictions show they were for nondangerous offenses. Further, like in *Joyner*, the plea agreement served to amend the indictment to conform to his guilty pleas. Thus, he argues *Joyner* shows the offenses he was charged with, as set forth in the first paragraph of each count of the indictment, may have been amended. He therefore argues the indictment underlying his prior convictions, like the charging documents in *Joyner*, is not reliable evidence of the elements of his prior convictions.

A careful reading of *Joyner*, however, indicates otherwise. In *Joyner,* the charging documents contained no § 13-604(P) allegation of dangerousness. *Id.* at 272 n.10. Thus, however the plea agreements in *Joyner* served to amend the

-13-

charging documents, it was not to eliminate a specific § 13-604(P) allegation of dangerousness. The plea agreements and judgments in *Joyner* were therefore in conflict with the charging documents: the plea agreements and judgments specifically stated the defendant's prior convictions were not for dangerous offenses while the charging documents showed they *were* for dangerous offenses, i.e., that the defendant committed armed robbery with a deadly weapon. Thus, the passage from *Joyner* on which Antonio-Agusta relies simply suggests that if a plea agreement and judgment conflict with the charging document, and the plea agreement serves to amend the charging document, the charging document is not reliable evidence of the elements of the defendant's prior convictions. In this case, there is no such conflict between the indictment and the plea agreement and judgment. Moreover, unlike in *Joyner*, the indictment underlying Antonio-Agusta's Arizona convictions was incorporated by reference in the judgment. *See id.* at 272 & n.10.

Finally, relying on this court's decision in *United State v. Bennett*, 108 F.3d 1315, 1318 (10th Cir. 1997), Antonio-Agusta argues that, if there is any possibility he pleaded guilty to an offense that does not merit a sentence enhancement the government has not met its burden of showing the enhancement applies. Antonio-Agusta's reliance on *Bennett* is misplaced. Unlike in *Bennett*, this court has before it documents that enable us to determine whether Antonio-Agusta's Arizona convictions warrant an enhancement as felony crimes of

violence. *Cf.* 108 F.3d at 1317-19. Moreover, a review of those documents reveals precisely how the plea agreement amended the indictment. Thus, unlike in *Bennett*, the record of the prior proceeding in this case does not inject any doubt that Antonio-Agusta was convicted of felony crimes of violence. The government has met its burden of showing, by a preponderance of the evidence, Antonio-Agusta's prior Arizona convictions constitute felony crimes of violence. *See United States v. Torres-Romero*, 537 F.3d 1155, 1158 (10th Cir. 2008).

## IV.  Conclusion

The indictment underlying Antonio-Agusta's Arizona convictions is reliable evidence of the elements of those convictions. Further, a review of the indictment, plea agreement and judgment reveals he pleaded guilty to three counts of aggravated assault as set forth in the first paragraph of each of the counts in the indictment. Because Antonio-Agusta does not dispute the indictment charges him with three offenses that qualify as crimes of violence, the district court did not err in imposing a sixteen-level sentence enhancement pursuant to U.S.S.G.

§ 2L1.2(b)(1)(A)(ii).[7]  For the foregoing reasons, Antonio-Agusta's sentence is

affirmed.

---

[7]As part of his plea agreement in this case Antonio-Agusta reserved the right to dispute whether he was convicted of an aggravated felony before his prior removal for purposes of 8 U.S.C. § 1326(b)(2).  He does not assert that right in this appeal.  But even if he did, our holding that the district court did not err in concluding his Arizona convictions for aggravated assault constituted felony crimes of violence forecloses any argument that the Arizona convictions do not constitute aggravated felonies under 8 U.S.C. § 1326(b)(2).  *See* 8 U.S.C. § 1101(a)(43)(F), (O); 18 U.S.C. § 16.